UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS PINEDA and ALEXANDRA PEREZ,    )
    Plaintiffs,    ) C.A. No._____
                  )
v.    )
                  )
DANIEL KEELER, DENNIS HARRIS, JOSEPH R. )
WATTS, JOSEPH P. TOOMEY, WILLIAM J.    )
GALLAGHER, EDWARD GATELY, JANINE    )
BUSBY, and the CITY OF BOSTON,    )
    Defendants    )
                  )

**COMPLAINT**

1. This is an action for money damages for the violation of the plaintiffs' constitutional

rights brought pursuant to 42 U.S.C. §1983 and M.G.L. c.12, §11I.  Plaintiff Carlos Pineda

alleges that defendant police officers and in particular defendant Officers Daniel Keeler and

Dennis Harris, arrested and detained him without probable cause in violation of his rights under

the Fourth and Fourteenth Amendments of the United States Constitution.  The plaintiff further

alleges that the defendant police officers used excessive force against him during their arrest.

Defendants also conducted an unreasonable search of the plaintiffs' apartment.

    The City of Boston is liable to the plaintiff for failing to supervise and train its

subordinate police officers on the appropriate and legal procedures of seizing, arresting and

detaining suspects and the use of force.  It has tolerated a custom and practice in which

individuals are detained, seized, and/or arrested without probable cause.  In addition, the City of

Boston has a custom of not punishing officers who violate the constitutional rights of citizens.

Its Internal Affairs Division has a long history of inaction and of covering up misconduct by

officers.  Thus, officers feel that they can violate the rights of citizens with impunity.

## JURISDICTION

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1343 and pendant jurisdiction of state claims.

## PARTIES

3. Plaintiff Carlos Pineda is a resident of Boston and the Commonwealth of Massachusetts.

4. Plaintiff Alexandra Perez is a resident of Boston and the Commonwealth of Massachusetts.

5. Defendant Daniel Keeler was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

6. Defendant Dennis Harris was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

7. Defendant Joseph R. Watts was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

8. Defendant Joseph Toomey was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

9. Defendant William Gallagher was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

10. Defendant Edward Gately was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in his individual capacity.

11. Defendant Janine Busby was a duly appointed police officer employed by the City of Boston at all times relevant to the complaint and is sued in her individual capacity.

2

12. Defendant City of Boston is a municipality duly authorized under the law of the Commonwealth of Massachusetts.

## FACTS

13. In April 28, 2003, a person was shot at a Mobil gas station in Boston.

14. The police believed that the shooter was in a white Honda.

15. The police followed a white Honda, but the wrong one.

16. The Honda stopped at 11 Fenway Heights in Boston

17. The police traced the driver to apartment #81, where the Plaintiffs lived.

18. Plaintiff Pineda answered the police knock at his door where he was greeted by several police officers with guns drawn.

19. Plaintiff Pineda noticed that his car was not where he had parked it and asked the police if they had seen it.

20. The defendants responded by accusing Plaintiff Pineda of driving the "white Honda". They grabbed him.

21. They slammed him against a wall twice.

22. The defendants removed the driver of the white Honda from the apartment after arresting him in front of a small child. He had borrowed Plaintiff Pineda's car without his permission.

23. Plaintiff Alexandra Perez attempted to get her children, but a white male officer and a black female officer would not let her protect her children. Instead, they held her in the kitchen. Defendant Busby asked if she had a record. She replied that she "had a good one." Defendant Busby then said, "not for long" and threatened to call DSS.

3

24. The defendants, with guns drawn, searched the apartment. They flipped over mattresses, threw clothes on the floor, opened bureau drawers, dumped trash on the floor, searched under beds, and removed boxes from closets, all without obtaining a warrant.

25. The defendants started the search before asking for permission to search.

26. Finally, the defendants handcuffed and led Plaintiff Pineda out of the apartment in his underwear in front of the news cameras.

27. Television news reports showing Plaintiff Pineda under arrest and in handcuffs were continuously shown on all of the major channels over a two-day period.

28. Plaintiff Pineda was put in a cell at the police station.

29. After a few hours, Plaintiff Pineda was released without charges.

### FIRST COUNT
### VIOLATION OF 42 U.S.C. § 1983 BY INDIVIDUAL DEFENDANTS

30. The Plaintiffs restate and reallege the allegations in paragraphs 1 through 29 and incorporates said paragraphs herein as paragraph 30.

31. By the actions described in paragraphs 1 through 30, the individual defendants deprived Plaintiffs of the following rights in violation of 42 U.S.C. §1983 and of their Fourth and Fourteenth Amendment Rights as guaranteed by the United States Constitution:

a.    Freedom from an unreasonable seizure of Plaintiff Pineda's person.

b.    Freedom from the use of excessive and unreasonable force on Plaintiff Pineda.

c.    Freedom from arrest without probable cause of Plaintiff Pineda;

d.    Freedom from unreasonable searches of the apartment of Plaintiff Pineda and Perez.

4

## SECOND COUNT
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS WATTS AND TOOMEY.

32. The plaintiff restates and realleges paragraphs 1 through 31 and incorporates said paragraphs herein as paragraph 32.

33. Defendants Watts and Toomey were supervisors on the night in question at the scene of the incidents.

34. These defendants were deliberately indifferent to the rights of the Plaintiffs by failing to adequately supervise the individual defendants who they knew or should have known were engaging in violations of the Plaintiffs' constitutional rights. Their conduct demonstrated tacit approval of the individual unconstitutional practices. Complaints against these officers were sustained by the Boston Police Department after an Internal Affairs investigation.

## THIRD COUNT
## VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT CITY OF BOSTON

35. The plaintiff restates and realleges paragraphs 1 through 34 and incorporates said paragraphs herein as paragraph 35.

36. The defendant City of Boston has a custom and policy of deliberate indifference to the rights of its citizens:

a. By failing to adequately train their police officers on the proper use of force and arrest procedures.

b. By failing to adequately train, supervise, and discipline officers who are prone to using excessive force.

c. By failing to have an internal affairs procedure that is effective.

5

## FOURTH COUNT
## VIOLATION OF M.G.L. c. 12, §11I BY INDIVIDUAL DEFENDANTS.

37. The plaintiffs restate and reallege paragraphs 1 through 36 and incorporates said paragraphs herein as paragraph 37.

38. By the actions described in paragraphs 1 though 37, the individual defendants violated the Plaintiffs' civil rights provided for in M.G.L. c.12, §11I by threats, intimidation, and coercion.

WHEREFORE, the plaintiff requests this Court to:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against the individual defendant police officers of the City of Boston;

3. Award costs of this action, including reasonable attorneys' fees, to the plaintiffs;

4. Award any such other relief as this Court may deem necessary and appropriate.

A jury trial is hereby demanded.

Respectfully submitted,
The Plaintiffs Carlos Pineda
and Alexandra Perez,
By their attorneys,

Stephen Hrones (BBO No. 242860)
Jessica D. Hedges (BBO No. 645847)
HRONES GARRITY & HEDGES LLP
Lewis Wharf–Bay 232
Boston, MA 02110-3927
T)617/227-4019

Dated: February _____, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Carlos Pineda, et al. v. Daniel Keeler, et al.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

____ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

__X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

____ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

____ V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                              YES          (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                              YES          (NO)
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                              YES           NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                              YES          (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                             (YES)          NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)            CENTRAL DIVISION            WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION             CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Stephen Hrones_____
ADDRESS ___Lewis Wharf-Bay 232, Boston, MA 02110_____
TELEPHONE NO. ____617/227-4019_____

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Carlos Pineda and Alexandra Perez

## DEFENDANTS

Daniel Keeler, Dennis Harris, William J Gallagher, Joseph B Watts, Joseph P Toomey, Edward Gateby, Janine Busby, and the City of Boston

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen Hrones, Esq.
Hrones Garrity & Hedges
Lewis Wharf-Bay 232, Boston, MA 02110
617/227-4019

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

XX 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

(PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC §1983

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

#### PERSONAL INJURY
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
XX 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

XX 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
TBD

Check YES only if demanded in complaint:
JURY DEMAND: XX YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 2 2 05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT