UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA and
ALEXANDRA PEREZ,
    Plaintiffs,

v.

DANIEL KEELER, DENNIS HARRIS, JOSPEH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, JANINE BUSBY, and the CITY OF BOSTON
    Defendants

### ANSWER OF THE DEFENDANT JANINE BUSBY TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COMES Janine Busby, Defendant in the above-entitled action ("Defendant"), and hereby answers the Complaint of the Plaintiffs, as follows:

1. Paragraph One of the Plaintiffs' Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs infra, and as such does not require a response. To the extent that the Plaintiffs' Introduction states any claim against Defendant William Gallgher, it is denied.

**JURISDICTION**

2. Paragraph Two of Plaintiffs' Complaint contains a statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Four of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

5. Defendant admits the allegations contained in Paragraph Five of the Plaintiffs' Complaint.

6. Defendant admits the allegations contained in Paragraph Six of the Plaintiffs' Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

9. Defendant admits the allegations contained in Paragraph Nine.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

11. Defendant admits the allegations contained in Paragraph Eleven of the Plaintiffs' Complaint.

12. Defendant admits the allegations contained in Paragraph Twelve of the Plaintiffs' Complaint.

**FACTS**

13. Defendant admits the allegations contained in Paragraph Thirteen of the Plaintiffs' Complaint.

14. Defendant admits the allegations contained in Paragraph Fourteen of the Plaintiffs' Complaint.

15. Defendant admits the allegations contained in the first part of Paragraph Fifteen of the Plaintiffs' Complaint, but denies the remaining allegations.

16. Defendant denies the allegations contained in Paragraph Sixteen.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

20. To the extent that the allegations contained in Paragraph Twenty direct claims against the Defendant, the Defendant denies such allegations. To the extent the allegations contained in Paragraph Twenty direct claims against other defendants, no response is required.

21. To the extent that the allegations contained in Paragraph Twenty-One direct claims against the Defendant, the Defendant denies such allegations. To the extent the allegations contained in Paragraph Twenty-One direct claims against defendants other than Janine Busby, no response is required.

22. Defendant denies the allegations contained in the first sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint. To the extent that the first sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint directs claims against other defendants, no response is required. As to the second sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore neither admits nor denies said allegations.

23. Defendant denies the allegations contained in Paragraph Twenty-Three of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Three of the Plaintiffs' Complaint direct claims against defendants other than Janine Busby, no response is required.

24. Defendant denies the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Four of the Plaintiffs' Complaint directs claims against defendants other than Janine Busby, no response is required.

25. Defendant denies the allegations contained in Paragraph Twenty-Five of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Five of the Plaintiffs' Complaint directs claims against other defendants, no response is required.

26. Defendant denies the allegations contained in Paragraph Twenty-Six of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Six of the Plaintiffs' Complaint directs claims against other defendants, no response is required.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Seven, and therefore neither admits nor denies said allegations.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Eight, and therefore neither admits nor denies said allegations.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Nine, and therefore neither admits nor denies said allegations.

**First Count**

30. The Defendant restates his responses provided to Paragraphs One through Twenty-Nine and incorporates said responses herein.

31. Paragraph Thirty-One states a legal conclusion, and therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph Thirty-One.

**Second Count**

32. Paragraph Thirty-Two directs claims against other defendants and therefore, no response is required.

33. Paragraph Thirty-Three directs claims against other defendants and therefore, no response is required.

34. Paragraph Thirty-Four directs claims against other defendants and therefore, no response is required.  To the extent that Paragraph Thirty-Four states a claim against the Defendant, the Defendant denies the allegations.

### Third Count

35. The Defendant restates his responses provided to Paragraphs One through Thirty-Four and incorporates said responses herein.

36.  Paragraph Thirty-Six directs a claim against another defendant and therefore, no response is required.

### Fourth Count

37. The Defendant restates his responses provided to Paragraphs One through Thirty-Six and incorporates said responses herein.
38. Paragraph Thirty-Eight states a legal conclusion, and therefore, no response is required.  To the extent that a response is required, the Defendant denies the allegations contained in Paragraph Thirty-Eight.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### *Second Affirmative Defense*

Defendant states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

### *Third Affirmative Defense*

Defendant states that at all relevant times, he acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Sixth Affirmative Defense*

Defendant states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant.

### *Seventh Affirmative Defense*

Defendant states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the Defendant.

### *Eighth Affirmative Defense*

Defendant states that the injuries and damages alleged were caused by the Plaintiffs' own intentional or negligent conduct and not the conduct of the Defendant.

### *Ninth Affirmative Defense*

Defendant states that the injuries and damages alleged were caused by a person or entity over whom the Defendant has no responsibility or control.

### *Tenth Affirmative Defense*

The Complaint fails to state a claim upon which relief can be granted because the Defendant is entitled to qualified immunity.

### **JURY CLAIM**

Defendant, Janine Busby, demands a trial by jury on all claims.

        Respectfully submitted,
        DEFENDANT JANINE BUSBY
        Merita A. Hopkins
        Corporation Counsel

        By his attorney:


        /s/ Helen G. Litsas
        _____
        Susan M. Weise
        Chief of Litigation
        BBO# 545455
        Helen G. Litsas
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4040 (Weise)
        (617) 635-4023 (Litsas)


**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document was served upon counsel of record via electronic filing.



   6/1/05                                       /s/ Helen G. Litsas
Date: _____                       _____