UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA and
ALEXANDRA PEREZ,
    Plaintiffs,

v.

DANIEL KEELER, DENNIS HARRIS, JOSPEH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, JANINE BUSBY, and the CITY OF BOSTON
    Defendants

**DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS COUNT III OF THE PLAINTIFF'S
COMPLAINT**

**I.  Introduction**

The Plaintiffs, Carlos Pineda and Alexandra Perez ("Plaintiffs"), bring one claim against the Defendant, City of Boston, and numerous individual defendants[2], alleging a civil rights violation stemming from an incident that occurred on April 28, 2003. Pursuant to Fed. Civ. R. 12(b)(6), the Defendant, City of Boston ("Defendant" or "City of Boston") moves to dismiss Count III of the Plaintiffs' Complaint.

**II.  Factual Background**

The Plaintiffs' Complaint stems from an incident that allegedly occurred on April 28, 2003. The Plaintiffs allege that that they were arrested, namely by Defendants Keeler and Harris, for involvement in a homicide that occurred that day at a Mobil gas station in

---

[2] In total, the Plaintiffs have brought suit against the following defendants: (1) City of Boston, (2) Daniel Keeler, (3) Dennis Harris, (4) Joseph R. Watts, (5) Joseph P. Toomey, (6) William J. Gallagher, (7) Edward Gately, and (8) Janine Busby.

5

Boston, MA, in violation of their constitutional rights. Plaintiff Pineda also generally alleges that the individual Defendant police officers used excessive force against him during their arrest and conducted an unreasonable search of the Plaintiffs' apartment. They allege further that liability attaches to the City of Boston because it has failed to train and supervise its subordinate police officers on the appropriate legal procedures of seizing, arresting and detaining suspects and the use of force. The Complaint alleges further that the City has tolerated a custom and practice in which individuals are detained, seized and/or arrested without probable cause. Additionally, the Complaint alleges that the City has a custom of not punishing officers who violate the constitutional rights of citizens. The Plaintiffs allege further that the City's Internal Affairs Division has engaged in a long practice inaction and concealment of officer misconduct.

Count III of the Plaintiffs' Complaint forms the sole claim against the Defendant, City of Boston. In that claim, Plaintiffs allege that the Defendant City violated 42 U.S.C. § 1983 because the City has a custom and policy of deliberate indifference to the rights of its citizens by: (1) failing to adequately train police officers on the proper use of force and arrest procedures; (2) by failing to adequately train, supervise and discipline officers who are prone to using excessive force; and by (3) failing to have an internal affairs procedure that is effective. They allege further that during the incident, the police used unreasonable force against Plaintiff Pineda, allegedly "slamming" him against the wall.

Additionally, the Plaintiffs allege during the incident, Plaintiff Perez was precluded from tending to her children. They also allege that Defendant Busby stated that Plaintiff Perez would not soon have a "good record" with the Department of Social Services (DSS) and threatened to call DSS. There are no allegations that Plaintiff Perez was arrested or incarcerated.

6

**III.     ARGUMENT**

    **A.     Motion to Dismiss Standard of Review**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>McLain v. Real Estate Board of New Orleans, Inc.</u>, 444 U.S. 232, 246 (1980); <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998); <u>Williams v. Astra USA, Inc.</u>, 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." <u>U.S. v. Avx Corp.</u>, 962 F.2d 108, 115 (1st. Cir. 1992). "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference." <u>Id.</u> (citations omitted). Within this analytical framework, the Plaintiffs have failed to plead facts sufficient to state a claim against the Defendant City of Boston and accordingly, the Defendant's Motion to Dismiss should be granted.

    **B.     The City Of Boston Is Entitled To Dismissal Of The Plaintiffs' Claims Under 42 U.S.C. Section 1983 Because The Claim Is Not Actionable.**

Count III of the Plaintiffs' Complaint contains a claim against the Defendant, City of Boston, under 42 U.S.C. § 1983. In that claim, the Plaintiffs allege that the City has a custom and policy of deliberate indifference to the rights of its citizens by: (1) failing to

7

adequately train police officers on the proper use of force and arrest procedures; (2) by failing to adequately train, supervise and discipline officers who are prone to using excessive force; and by (3) failing to have an internal affairs procedure that is effective.

### 1. The Plaintiffs' Claim Fails Under a Monell Policy Theory.

For liability to attach to the City under 42 U.S.C. § 1983, the Plaintiffs must establish that the Plaintiffs' alleged injuries were inflicted as result of an official policy or custom of Defendant City of Boston, and not merely because it employed the alleged tortfeasor.  See Monell v. New York Dep't. of Social Services, 436 U.S. 658, 694 (1978); Bibbo v. Mulhern, 621 F. Supp. 1018, 1027 (D. Mass. 1985).  The Plaintiffs must demonstrate an affirmative, causal link between the policy or custom of the municipality and the particular constitutional violation alleged.  Board of County Comm's. of Bryan County v. Brown, 520 U.S. 397, 404 (1997); Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

This requires the Plaintiffs to "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. at 407. "A showing of simple or heightened negligence will not suffice." Id. As the First Circuit has explained, the Plaintiffs must plead in each claim that "[t]he existence of a policy that caused Plaintiff's injury. . . ." Strauss v. City of Chicago, 760 F.2d 765, 768 (1st Cir. 1985). Such allegation " is an essential part of Section 1983 liability." Id. "Without some evidence apart from the fact of employment, regardless how slight, that a policy causing Plaintiff[s'] injury might exist, the Plaintiff[s] simply cannot proceed in Court against the municipality." Id. Here, the Plaintiffs cannot satisfy this requisite threshold.

Here, the Plaintiffs have only conclusorily alleged that the City has a policy of deliberate indifference to the rights of its citizens by: (1) failing to adequately train police officers on the proper use of force and arrest procedures; (2) by failing to adequately train,

supervise and discipline officers who are prone to using excessive force; and by (3) failing to have an internal affairs procedure that is effective. The Plaintiffs have not alleged or identified this as any express policy nor have they alleged that any policymaker officially adopted a policy that would condone the alleged conduct of the Defendant officers nor have they alleged that any policymaker directed any of the alleged actions during the April 28, 2003 incident. "Simply because [the Plaintiffs] ha[ve] managed to say the magic words 'custom' and 'policy' does not mean that either of his complaints properly pleads municipal liability." Allen v. York County Jail, Nos. Civ. 01-224-P-C, 2003 WL 221842, at *8, *90 (D. Me. Jan. 30, 2003). Furthermore, even if the Plaintiffs had made such allegations, which the Defendant denies, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

Moreover, "a single decision to take particular action, although made by municipal policymakers, cannot establish the kind of 'official policy' required by Monell as a predicate to municipal liability under §1983." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). The Court has concluded that this principle holds true even in cases where plaintiffs make allegations of failure to train. In City of Oklahoma v. Tuttle, 471 U.S. 808, 813 (1985), the Court rejected a jury instruction that stated that "a single, unusually excessive use of force may …warrant an inference that it was attributable to inadequate training or supervision amounting to 'deliberate indifference' or 'gross negligence' on the part of the officials in charge." The court concluded further that "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." Id. at 823.

9

In the instant action, there are no allegations other than the single April 28, 2003 incident from which the Plaintiffs allege that the City inadequately trained its police officers or inadequately conducted an internal affairs investigation. Taking every allegation of the Plaintiffs' Complaint as true, which Defendant denies, it is clear that their bald assertions are not sufficient to sustain a claim for municipal liability. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. New York City Department of Social Services, 436 U.S. at 691.

**2. The Plaintiffs' Claim Fails Under a Monell Custom or Practice Theory.**

A similar conclusion is warranted with respect to the Plaintiffs' allegations that the Defendant acted pursuant to a custom. To establish the existence of a "custom," the Plaintiffs must show that it consists of those practices by Defendant City officials which are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691. Monell also requires that the municipal custom which may serve as the basis for liability may only be created by lawmakers or "those whose edicts or acts may fairly be said to represent official policy." Id. at 694. In short, the applicable legal test requires the Plaintiffs to show: "(1) that the governmental entity's employees engaged in a continuing, widespread, persistent pattern of conduct in violation of the constitutional standard; (2) that the governmental entity's policymaking officials, after having notice of the misconduct, remained deliberately indifferent to or tacitly authorized continuation of that misconduct; and (3) that the plaintiff was injured by continued misconduct within the persistent pattern," thus showing that the custom was a moving force behind the violation of the constitutional standard. Armstrong v. Lamy, 938 F. Supp. 1018 (D. Mass. 1996). Evidence of an isolated incident is not adequate to show the existence of a custom. See Bordanaro v. McCleod, 871 F.2d 1151, 1161 n.8 (1$^{rst}$ Cir. 1989).

10

Here, as discussed infra, the Plaintiffs have made no such allegations nor have they provided sufficient facts satisfying this test. The only facts alleged pertain only to the April 28, 2003 incident, and such allegations of a single, isolated incident of an allegedly unreasonable arrest, search and seizure are insufficient. Moreover, the Plaintiffs fail to allege that Plaintiff Perez was even arrested or incarcerated. Overall, there are absolutely no facts in this case to support the Plaintiffs' allegations that the Defendant maintained a policy or practice of failing to supervise or train its police officers or conduct effective internal affairs investigations. Additionally, the Plaintiffs' Complaint is devoid of any showing of any custom, policy or practice. Absent an affirmative showing of such a custom or practice, there can be no liability against the Defendant City under Section 1983. See also City of Canton v. Harris, 489 U.S. 378 (1989); Santiago v. Fenton, 891 F.2d 373, 381-82 (1st Cir. 1989); Stratton v. City of Boston, 731 F. Supp. 42, 47 (D. Mass. 1989). Accordingly, the Plaintiffs' Complaint must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the Defendant, City of Boston, respectfully requests dismissal of the aforementioned counts of the Plaintiffs' Complaint with prejudice.

11

**DEFENDANT REQUESTS AN ORAL ARGUMENT FOR THIS MOTION**

        Respectfully submitted,

        DEFENDANT CITY OF BOSTON
        Merita A. Hopkins
        Corporation Counsel

        By their attorney:


        /s/ Helen G. Litsas
        _____
        Helen G. Litsas
        Assistant Corporation Counsel
        BBO# 644848
        Susan M. Weise
        Chief of Litigation
        BBO# BBO#545455
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4023 (Litsas)
        (617) 635-4040 (Weise)

## 7.1 Certification

       Undersigned counsel certifies that on June 1, 2005, pursuant to LR, D. Mass. 7.1(a)(2), she spoke with Plaintiff's counsel and we were unable to resolve or narrow the issue prior to filing the above motion.

       6/1/05                                 /s/ Helen G. Litsas  
Date: _____                     _____  
                                                     Helen G. Litsas, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document was served upon counsel of record via electronic filing.

|  |  |
|---|---|
| 6/1/05 | /s/ Helen G. Litsas |
| Date: _____ | _____ |
|  | Helen G. Litsas, Esq. |

14