**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10216JLT

| |
|---|
| CARLOS PINEDA and ALEXANDRA PEREZ, <u>Plaintiffs</u>, <br><br> v. <br><br> DANIEL KEELER, DENNIS HARRIS, JOSPEH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, JANINE BUSBY, and the CITY OF BOSTON <u>Defendants</u> |

## ANSWER OF THE DEFENDANT JOSEPH WATTS TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COMES Joseph Watts, Defendant in the above-entitled action ("Defendant"), and hereby answers the Complaint of the Plaintiffs, as follows:

1. Paragraph One of the Plaintiffs' Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs <u>infra</u>, and as such does not require a response. To the extent that the Plaintiffs' Introduction states any claim against Defendant Joseph Watts, it is denied.

## JURISDICTION

2. Paragraph Two of Plaintiffs' Complaint contains a statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Four of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

5. Defendant admits the allegations contained in Paragraph Five of the Plaintiffs' Complaint.

6. Defendant admits the allegations contained in Paragraph Six of the Plaintiffs' Complaint.

7. Defendant admits the allegations contained in Paragraph Seven of the Plaintiffs' Complaint.

8. Defendant admits the allegations contained in Paragraph Eight of the Plaintiffs' Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

11. Defendant admits the allegations contained in Paragraph Eleven of the Plaintiffs' Complaint.

12. Defendant admits the allegations contained in Paragraph Twelve of the Plaintiffs' Complaint.

**FACTS**

13. Defendant admits the allegations contained in Paragraph Thirteen of the Plaintiffs' Complaint.

14. Defendant admits the allegations contained in Paragraph Fourteen of the Plaintiffs' Complaint.

15. Defendant admits the allegations contained in the first part of Paragraph Fifteen of the Plaintiffs' Complaint, but denies the remaining allegations.

16. Defendant denies the allegations contained in Paragraph Sixteen.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Plaintiffs' Complaint, and therefore neither admits nor denies said allegations.

20. To the extent that the allegations contained in Paragraph Twenty direct claims against the Defendant, the Defendant denies such allegations. To the extent the allegations contained in Paragraph Twenty direct claims against other defendants, no response is required.

21. To the extent that the allegations contained in Paragraph Twenty-One direct claims against the Defendant, the Defendant denies such allegations. To the extent the allegations contained in Paragraph Twenty-One direct claims against defendants other than Joseph Watts, no response is required.

22. Defendant denies the allegations contained in the first sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint. To the extent that the first sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint directs claims against other defendants, no response is required. As to the second sentence of Paragraph Twenty-Two of the Plaintiffs' Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore neither admits nor denies said allegations.

23. Defendant denies the allegations contained in the first three sentences of Paragraph Twenty-Three of the Plaintiffs' Complaint. To the extent that these first two sentences of Paragraph Twenty-Three of the Plaintiffs' Complaint direct claims against defendants other than Joseph Watts, no response is required. As for the remaining three sentences of Paragraph Twenty-Three of the Plaintiffs' Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore neither admits nor denies said allegations.

24. Defendant denies the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Four of the Plaintiffs' Complaint directs claims against defendants other than Joseph Watts, no response is required.

25. Defendant denies the allegations contained in Paragraph Twenty-Five of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Five of the Plaintiffs' Complaint directs claims against other defendants, no response is required.

26. Defendant denies the allegations contained in Paragraph Twenty-Six of the Plaintiffs' Complaint. To the extent that Paragraph Twenty-Six of the Plaintiffs' Complaint directs claims against other defendants, no response is required.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Seven, and therefore neither admits nor denies said allegations.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Eight, and therefore neither admits nor denies said allegations.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twenty-Nine, and therefore neither admits nor denies said allegations.

**First Count**

30. The Defendant restates his responses provided to Paragraphs One through Twenty-Nine and incorporates said responses herein.

31. Paragraph Thirty-One states a legal conclusion, and therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph Thirty-One.

**Second Count**

32. The Defendant restates his responses provided to Paragraphs One through Thirty-Two and incorporates said responses herein.

`

33. Defendant admits that he was a supervisor on the night in question at the scene of the incidents, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirty-Three, and therefore neither admits nor denies said allegations.

34. Defendant denies the allegations in Paragraph Thirty-Four.

**Third Count**

35. The Defendant restates his responses provided to Paragraphs One through Thirty-Four and incorporates said responses herein.

36. Paragraph Thirty-Six directs a claim against another defendant and therefore, no response is required.

**Fourth Count**

7

37. The Defendant restates his responses provided to Paragraphs One through Thirty-Six and incorporates said responses herein.

38. Paragraph Thirty-Eight states a legal conclusion, and therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph Thirty-Eight.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### *Second Affirmative Defense*

Defendant states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

### *Third Affirmative Defense*

Defendant states that at all relevant times, he acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Sixth Affirmative Defense*

Defendant states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant.

### *Seventh Affirmative Defense*

Defendant states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the Defendant.

### *Eighth Affirmative Defense*

Defendant states that the injuries and damages alleged were caused by the Plaintiffs' own intentional or negligent conduct and not the conduct of the Defendant.

### *Ninth Affirmative Defense*

Defendant states that the injuries and damages alleged were caused by a person or entity over whom the Defendant has no responsibility or control.

### *Tenth Affirmative Defense*

The Complaint fails to state a claim upon which relief can be granted because the Defendant is entitled to qualified immunity.

### **JURY CLAIM**

Defendant, Joseph Watts, demands a trial by jury on all claims.

      Respectfully submitted,
      DEFENDANT JOSPEH WATTS
      Merita A. Hopkins
      Corporation Counsel

      By his attorney:


      /s/ Susan M. Weise
      _____
      Susan M. Weise
      Chief of Litigation
      BBO# 545455
      Helen G. Litsas
      Assistant Corporation Counsel
      City of Boston Law Department
      Room 615, City Hall
      Boston, MA 02201
      (617) 635-4040 (Weise)
      (617) 635-4023 (Litsas)


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a copy of this document was served upon counsel of record via electronic filing.


   6/1/05                            /s/ Susan M. Weise
Date: _____                 _____