**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA  and
ALEXANDRA PEREZ,
    <u>Plaintiffs</u>,

v.

DANIEL KEELER, DENNIS
HARRIS, JOSPEH R. WATTS,
JOSEPH P. TOOMEY, WILLIAM J.
GALLAGHER, EDWARD
GATELY, JANINE BUSBY, and the
CITY OF BOSTON
    <u>Defendants</u>

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**I.**    <u>**Introduction**</u>

The Plaintiffs, Carlos Pineda and Alexandra Perez ("Plaintiffs"), bring several civil rights

violation claims against several defendant Boston Police officers stemming from an incident that

occurred on April 28, 2003.  Pursuant to the City''s Motion to Dismiss, Plaintiffs' claim against

the Defendant, City of Boston, was dismissed by this Court on August 9, 2005.   The Plaintiffs

have recently filed a motion to compel numerous documents from the remaining Defendants,

the individual defendant police officers. [1]  The Defendants hereby oppose their motion.

The Plaintiffs' motion should be denied on the following grounds: (1) Plaintiffs have

failed to comply with Local 7.1; (2) Defendants have previously produced such information

requested through its voluminous Automatic Disclosures production; (3)  to the extent that such

information has not already been previously produced, Defendants said information is barred

---

[1] In total, the Plaintiffs have brought suit against the following defendants: (1) City of Boston, (2)
Daniel Keeler, (3) Dennis Harris, (4) Joseph R. Watts, (5) Joseph P. Toomey, (6) William J.
Gallagher, (7) Edward Gately, and (8) Janine Busby.

from disclosure under the CORI statute, G.L. c. 6, §§ 167-178B.  Accordingly, the Defendants

request that the Plaintiffs' motion be denied.

A.    **Plaintiffs' Motion Should Be Denied Because Plaintiffs Have Failed To Comply With Local Rule 7.1 In Several Respects.**

    1.    <u>**Plaintiffs' Counsel Failed to Confer with Defendants' Counsel Prior to Filing This Motion And Has Also Failed to File A LR. 7.1 Certificate With This Court.**</u>

In filing their Motion to Compel, Plaintiffs have failed to comply with the requirements

set forth in L.R. 7.1.  Plaintiffs' counsel has not certified that he has conferred with Defendants's

counsel prior to filing the May 22, 2006 Motion to Compel.  Several weeks before filing this

motion, Plaintiffs' counsel telephoned Defendants' counsel requesting certain information and

documents. At that time, counsel for the Defendants advised Plaintiffs' counsel to reduce his

request to writing.  <u>See</u> Exhibit A, Affidavit of Defendants' Counsel.  Plaintiffs' counsel,

however, failed to do so and only submitted a letter requesting such information several days

<u>after</u> filing this motion with this Court.  <u>See</u> <u>id.</u>

Additionally, at no point did Plaintiffs' counsel advise Defendants' counsel that he

intended to file a Motion to Compel seeking such information. During discussions with <u>See</u> <u>id.</u>

Plaintiffs' counsel about his requested information, Defendants' counsel advised Plaintiffs'

counsel that the information he sought constituted criminal offender record information

(CORI), G.L. c. 6, §§ 167-178B.    <u>See</u> <u>id.</u> Defendants' counsel also advised that counsel  could

seek such information by filing a CORI motion requesting that the Commissioner of  Probation

for the Trial Court of the Commonwealth provide him with such information in accordance

with the procedure set forth in the CORI statute.  <u>See</u> <u>id.</u> Defendants' counsel also stated that

depending upon the contents of the motion, Defendants' would "probably not object" to such a

CORI motion.  <u>See</u> <u>id.</u>  Plaintiff's' counsel, however, has failed to file such a motion and instead

has now filed this subject Motion to Compel.  <u>See</u> <u>id</u>

2. **Plaintiffs' Motion Violates LR. 7.1 Because Plaintiffs Have Failed To Provide The Requisite Memorandum Of Reasons And Proper Support For Said Motion.**

Plaintiffs' motion also violates L.R. 7.1 because Plaintiffs have failed to provide the requisite "memorandum of reasons, including citation of supporting authorities, why the motion should be granted." L.R. 7.1 (1). Plaintiff has simply provided a one and a half page motion document devoid of any memorandum, authorities or factual or legal support for his request. Accordingly, Plaintiffs' motion should be denied.

B. **Plaintiffs' Motion Should Also Be Denied Because Defendants Have Already Produced All Such Requested, Non-CORI Information Through Its Voluminous Automatic Disclosures.**

Plaintiffs vaguely and ambiguously request "all witness statements, including police reports and booking sheets, FYO reports, and Form 26 reports relative to the incident in question and in particular the documents relative to witnesses Soriano and Jiminez, and all reports of the officers." In seeking this request, Plaintiffs fail to recognize that Defendants have already produced voluminous non-CORI documents to the Plaintiffs through their Automatic Disclosures, in accordance with L.R. 16.1. See Exhibit B, Defendants' Automatic Disclosures; Exhibit C, Defendants' March 31, 2006 Letter Regarding Production of Audiotapes. Moreover, not only have Defendants copied and produced such documentary information on behalf of the Plaintiffs, but Defendants have also copied and produced numerous audiotapes for Plaintiffs. See id. Such information includes, inter alia, all witness statements related to the incident, including all Internal Affairs interviews of witnesses (both in written and in audiotape form), all police reports related to the incident, all police officer reports, and all information related to the Plaintiffs and the April 28, 2003 incident. See id.

**C. Plaintiffs' Motion Should Also Be Denied Because Such Information Is Barred From Disclosure Under The CORI Statute.**

To the extent that Plaintiffs are requesting non-produced criminal record information, such as that information relative to individuals identified as Norberto Serrano ("Soriano") and Martha Jiminez ("Jiminez"), such information is barred from disclosure under the governing CORI statute. As part of a program to regulate the "collection, storage, access, dissemination, content, organization, and use of criminal offender record information,"CORI systems and procedures were established to resolve concerns over individual privacy and system security in connection with those systems' operation, and to prevent invasions of privacy that may inhibit a defendant's rehabilitation and return to society. See G.L. c. 6, § 168; New Bedford Standard-Times Pub. Co. v. Clerk of the Third Dist. Ct. of Bristol, 377 Mass. 404, 413-414 (1979); see also Bellin v. Kelley, 435 Mass. 261, 267 (2001).

In conjunction with such systems, the Criminal History Systems Board maintains such information, including the information, if it exists, requested by the Plaintiffs concerning two non-party individuals, Norberto Serrano and Martha Jiminez. The term "criminal offender record information," encompasses the information sought by the Plaintiffs as the term is defined as "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release." G.L. c. 6, § 167. Access to and dissemination of CORI materials is governed by statute. See G.L. c. 6, §§ 172-178B.

Plaintiffs have not only failed to make a showing that they are entitled to such information under the statute, but they have also failed to follow the requisite procedures set

forth in that statute. Plaintiffs have not filed a CORI motion nor have they requested such

information from the Criminal History Systems Board, the proper party in possession, custody

and control of any such criminal record information. Plaintiffs are therefore not entitled to such

information. Moreover, Defendants are barred from disclosure of such information by G.L. c. 6,

§§ 172-178B. Accordingly, Plaintiff's motion should be denied.

Accordingly, for all of the foregoing reasons, the Defendants oppose the Plaintiffs'

motion.

Respectfully submitted,

DEFENDANT CITY OF BOSTON
William F. Sinnott
Corporation Counsel

By their attorney:


/s/ Helen G. Litsas
_____
Helen G. Litsas
Assistant Corporation Counsel
BBO# 644848
Susan M. Weise
First Assistant Corporation Counsel
BBO# BBO#545455
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4040 (Weise)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a copy of this document was served upon counsel of

record via electronic filing.


<table>
<tr><td>Date: _____</td><td>/s/ Helen G. Litsas<br>_____<br>Helen G. Litsas, Esq.</td></tr>
</table>

6/6/06

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA  and
ALEXANDRA PEREZ,
        <u>Plaintiffs</u>,

v.

DANIEL KEELER, DENNIS
HARRIS, JOSPEH R. WATTS,
JOSEPH P. TOOMEY, WILLIAM J.
GALLAGHER, EDWARD
GATELY, JANINE BUSBY, and the
CITY OF BOSTON
        <u>Defendants</u>

**AFFIDAVIT OF COUNSEL FOR THE DEFENDANTS, HELEN G. LITSAS, IN
SPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

I, HELEN G. LITSAS, on oath do depose and say as follows:

1.  I am an Assistant Corporation Counsel with the City of Boston and represent all defendants in the above-captioned actions.

2.  Plaintiffs' counsel has not certified that he has conferred with Defendants's counsel prior to filing the May 22, 2006 Motion to Compel.

3.  Several weeks before filing this motion, Plaintiffs' counsel telephoned and requested certain criminal record information and documents from the Defendants.  At that time, I advised Plaintiffs' counsel to reduce his request to writing.

4. Plaintiffs' counsel, however, failed to do so and only submitted a letter requesting such information several days <u>after</u> filing this motion with this Court.

5. Additionally, at no point did Plaintiffs' counsel advise me that he intended to file a Motion to Compel seeking such information.

6.  During discussions with Plaintiffs' counsel about his requested information, I advised Plaintiffs' counsel that the information he sought constituted criminal offender record information (CORI), G.L. c. 6, §§ 167-178B.

1

7.  I also advised counsel that he could seek such information by filing a CORI motion requesting that the Commissioner of Probation for the Trial Court of the Commonwealth provide him with such information in accordance with the procedure set forth in the CORI statute.

8.  I also stated that depending upon the contents of the motion, Defendants' would "probably not object" to such a CORI motion.

9. Plaintiff's' counsel, however, has failed to file such a motion and instead has now filed this subject Motion to Compel.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF June, 2006.


/s/ Helen G. Litsas

_____

Helen G. Litsas
Assistant Corporation Counsel

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA  and
ALEXANDRA PEREZ,
        Plaintiffs,

v.

DANIEL KEELER, DENNIS
HARRIS, JOSPEH R. WATTS,
JOSEPH P. TOOMEY, WILLIAM
J. GALLAGHER, EDWARD
GATELY, JANINE BUSBY, and
the CITY OF BOSTON
        Defendants

**Automatic Disclosure of Defendants Daniel Keeler, Dennis Harris, Joseph R. Watts, Joseph P. Toomey, William J. Gallagher, Edward Gately, and Janine Busby[1]**

Pursuant to Local Rules 26.2(A), 26.1(B) and this Court's Order dated December 9, 2005, the Defendants hereby make the following disclosures:

**I.     Persons Likely to Have Discoverable Information:**

Each individual listed below is a party to this action, including the following:

1.    Plaintiff Carlos Pineda
2.    Plaintiff Alexandra Perez
3.    Defendants Daniel Keeler
4.    Defendant Dennis Harris
5.    Defendant Joseph R. Watts
6.    Defendant Joseph P. Toomey
7.    Defendant William J. Gallagher
8.    Defendant Edward Gately
9.    Defendant Janine Busby

Other individuals who may have discoverable information include the following:

1.    **Norberto Serrano (aka Luis Cruz), 1 Shandon Road, #81, Dorchester, MA  02124**.  Mr Serrano/Cruz was the driver of plaintiff's white Honda Civic ("Honda") who led police on a pursuit through the

---

[1] The Defendant, City of Boston's, Motion to Dismiss was allowed on August 10, 2005.

streets to the plaintiffs' home on April 27, 2003. This vehicle was initially identified as involved in a drive-by shooting which resulted in a death to one victim and permanent injuries to a second victim.

2. **Jose Perez, 1 Shandon Road, #81, Dorchester, MA  02124**. Mr. Perez is the father of plaintiff, Alexandra Perez, and was living at the plaintiffs' home at the time of the incident.

3. **Boston Police Officer Patrick Foley, Area D-4, Boston Police Department, 7 Warren Avenue, Boston, MA.** Officer Foley was the partner of defendant Gallagher on the night of the incident pursued the white Honda driven by Serrano/Cruz after it was identified as involved in a drive-by shooting. Officer Foley assisted in securing the plaintiffs' apartment.

4. **Boston Police Officer Andrew Fay, Area B-2, 135 Dudley Street, Roxbury, MA.** Officer Fay was involved in the police pursuit of the Honda, conducted a search of the apartment building's roof, entered the plaintiffs' apartment and handcuffed Serrano/Cruz. Officer Fay also escorted him outside into a cruiser.

5. **Boston Police Officer James Coyne, Area B-2, 135 Dudley Street, Roxbury, MA.** Officer Coyne was involved in the police pursuit of the Honda, chased Serrano/Cruz into the apartment building, entered the apartment and observed the arrest of Serrano. He transported the female occupant of the Honda to the Homicide Unit.

6. **Boston Police Officer Jon-Michael Harber, Area B-2, Boston Police Department, 135 Dudley Street, Roxbury, MA.** Officer Harber was involved in the police pursuit of the Honda, followed Serrano/Cruz into the apartment building, observed both Serrano/Cruz and the plaintiff apprehended and conducted a protective sweep of the apartment.

7. **Boston Police Officer Jerome Riley, Area C-11, Boston Police Department, 40 Gibson Street, Dorchester, MA.** Officer Riley observed a suspect in handcuffs outside of the apartment building.

8. **Boston Police Officer Daniel Griffin Area B-3, 1165 Blue Hill Avenue, Mattapan, MA.** Officer Griffin searched the outside perimeter of the building, transported Serrano/Cruz to Area B-3 and handcuffed him to the booking area.

9. **Boston Police Officer Stephen Fabiano, Area B-3, 1165 Blue Hill Avenue, Mattapan, MA.** Officer Fabiano saw two persons being escorted out of the building and transported one of them to Area B-3.

10.  **Sergeant Ghassoub Frangie, Area D-4, 7 Warren Avenue, Boston, MA.**  Sergeant Frangie entered the apartment, ordered everyone to leave and had the apartment "frozen."

11.  **Sergeant Haseeb Hosein, Area A-1, Boston Police Department, 40 New Sudbury Street, Boston, MA.**  Sergeant Hosein remained outside of the building.

12.  **Sergeant Robert Sheets, Hackney Unit, Headquarters, One Schroeder Plaza, Boston, MA.**  Sergeant Sheets went up to the apartment and observed Sergeant Frangie order the apartment to be "frozen."

13.  **Lieutenant Matthew Spillane, Operations Unit, Headquarters, One Schroeder Plaza,  Boston, MA.**  Lieutenant Spillane, as the duty supervisor at Area B-3 the night of the incident, placed plaintiff Pineda in one holding cell and Serrano/Cruz in another holding cell.  He ordered that a field interrogation report ("FIO") be taken of plaintiff Pineda.

14.  **Boston Police Officer Robert J. Ward, Area B-3, 1165 Blue Hill Avenue, Mattapan, MA.**  Officer Ward was the booking officer at Area B-3 the night of the incident.  Officer Ward saw the two suspects and released plaintiff Pineda at the order of Detective Harris.  Officer Ward wrote the FIO of plaintiff Pineda.

15.  **Boston Police Officer Lenin Frederick, Area C-6, 101 West Broadway, South Boston, MA**. Officer Frederick transported a suspect from the scene to Area B-3.

16.  **Boston Police Officer Adrien Worrell, Area B-3, 1165 Blue Hill Avenue, Mattapan, MA**.  Officer Worrell entered the apartment, saw two suspects removed from the apartment, took custody of one and escorted him to a cruiser, transported him to Area B-3 and placed him in handcuffs at Area B-3.

17.  **Boston Police Officer Eric McPherson, Ara A-1, 40 New Sudbury Street, Boston, MA**.  Officer McPherson assisted in escorting Serrano/Cruz out of the apartment.

18.  **Martha Jimenez, 1949 Columbus Avenue, Boston**.  Ms. Jimenez was a passenger in the back seat of the white Honda Civic driven by Serrano/Cruz.

II.  **Description of Documents:**

1.  Internal Affairs  ("IA") Interviews of the following:

    a.  Defendant Daniel Keeler (redacted)

b.   Defendant Dennis Harris
c.   Defendant Joseph Watts
d.   Defendant Joseph Toomey
e.   Defendant Edward Gately
f.   Defendant Janine Busby
g.   Plaintiff Carlos Pineda
h.   Plaintiff Alexandra Perez
i.   Jose Perez
j.   Officer Jon-Michael Harber
k.   Officer James Coyne
l.   Officer Stephen Fabiano
m.   Officer Daniel Griffin
n.   Officer Andrew Fay
o.   Officer Patrick Foley
p.   Officer Lenin Frederick
q.   Officer Adrien Worrell
r.   Sergeant Haseeb Hosein
s.   Sergeant Ghassoub Frangie
t.   Sergeant Robert Sheets
u.   Officer Jerome Riley
v.   Lieutenant Matthew Spillane; and
w.   Officer Robert Ward

2.   Boston Police Rule and Regulation Number 102, section 6

3.   Oral Reprimand to Sergeant Watts with acknowledgements

4.   Oral Reprimand to Sergeant Toomey with acknowledgements

5.   Notes of Internal Affairs investigation

6.   IA recommendation (2 pages)

7.   Complaint Control Form

8.   IA summary of investigation (26 pages) (redacted)

9.   IA determination (5 pages)

10.   Letter dated 7/22/04 from Superintendent Al Goselin to Plaintiff Pineda

11.   Employee Data Sheets of Defendants Watts, Toomey, and Busby and Officers Worrell, Frederick, Riley and Griffin (redacted)

12.   Channel Three Transmissions of Supervisors Transcripts

13.   Batting Order Last Half Tour of Area B-3 on April 27, 2003.

14.   Batting Order Last Half Tour of Area C-11 on April 27, 2003

15.     Photos of 11 Fermoy Heights, Apartment Units 81, 82, 83, 84

16.     Report for Interview Forms of Adrien Worrell, Lenin Frederick, Janine
        Busby, Daniel Griffin (2), Robert J. Ward (3), Joseph Toomey (2), Patrick
        Foley, Matthew Spillane, William Gallagher, Andrew Fay (2), Jon-
        Michael Harber, Edward Gately, Jerome Riley, Robert Sheets, James
        Coyne, Stephen Fabiano

17.     Calendar excerpt from Norman Hill's Palm Pilot hand-held device

18.     IA Investigative Checklist

19.     Incident Report dated April 28, 2003, #030217876 (2 pages)

20.     FIO of Plaintiff Pineda

21.     Homicide Unit Investigative Report by Defendant Harris (4 pages)

22.     Terminal Incident History (8 pages)

23.     Incident Report dated April 28, 2003, #030217815 (4 pages) (redacted)

24.     Norman Hill's Interview Schedule for Defendants Toomey, Watts, Harris
        and Gately and Officers Fay, Foleym Ward, Sheets, Hosein, and Harber

25.     Channel Three Operations Tape Recording Transcript

26.     Return Receipt Requested Envelope (returned unclaimed) to Plaintiff
        Pineda

27.     Letter dated December 30, 2004 from Attorney Hrones to Boston Police
        Commissioner Kathleen O'Toole (2 pages)

28.     Unmarked photo

29.     12 copies of photos/excerpts from news footage

30.     Letter dated February 4, 2005 from Attorney Hrones to Boston Police
        Commissioner Kathleen O'Toole

31.     IA interview tapes of:  Carlos Pineda, Alexandra Perez, Jose Perez, Daniel
        Keeler, Robert Sheets, Daniel Griffin, Jerome Riley, Stephen Fabiano,
        Matthew Spillane, Robert Ward, Patrick Foley, Andrew Fay, Edward
        Gately, Jon-Michael Harber, James Toomey, James Coyne, Dennis
        Harris, Joseph Watts, Gus Frangie, Robert Sheets, Haseeb Hosein,
        Janine Busby,  Lenin Frederick, Adrien Worrell, and Daniel Griffin

32.     DVD of  news footage, dated 4/27/03

33.    911 tapes of Channels 6, 7, 9 and 10

34.    Letter dated March 18, 2005 from Lt. Orr to Deputy Superintendent
       Marie Donahue

35.    36 Photos of the apartment at 11 Fermoy Heights

**III.    People to be Deposed by the Defendants**

1.    Plaintiff Carlos Pineda
2.    Plaintiff Alexandra Perez
3.    Jose Perez
4.    Norberto Serrano (aka Luis Cruz)
5.    Martha Jimenez (woman in Honda transported to Homicide Unit)

**IV.    Insurance Agreements**

      Not Applicable.  The Defendant is a self-insured municipality.

**V.    Experts**

      At this time, the defendants have not identified any experts, but reserve the
right to supplement this response.

      The Defendants also reserve the right to supplement this list as more
information becomes available to them.

Respectfully submitted,

DEFENDANTS
DANIEL KEELER, DENNIS HARRIS,
JOSEPH R. WATTS, JOSEPH P. TOOMEY,
WILLIAMS J. GALLAGHER, EDWARD
GATELY, AND JANINE BUSBY
Merita A. Hopkins
Corporation Counsel

By his attorney:


_____
Susan M. Weise
First Assistant Corporation Counsel
BBO# BBO#545455
Helen G. Litsas
Assistant Corporation Counsel
BBO# 644848
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4040 (Weise)
(617) 635-4023 (Litsas)

March 13, 2006

**BY HAND**
Stephen Hrones, Esq.
Hrones Garrity & Hedges
Lewis Wharf – Bay 232
Boston, Massachusetts 02110

      Re:     *Pineda, et al. v. Keeler, et al.*
               U.S.D.C. Civ. Act. No. 05CV10216JLT
               Our File No.:  L-0056

Dear Attorney Hrones:

      In connection with the above-captioned matter, enclosed please find the following cassette tapes which have been copied for your convenience:

**I.  911 Tapes**:

1. 04/28/03, Cass Blvd/Kerr Way, Rx #1, Ch. 3
2. 04/28/03, Cass Blvd/Kerr Way, Rx #2, Ch. 6
3. 04/28/03, Cass Blvd/Kerr Way, Rx #3, Chs. 7, 9, 10
4. 04/28/03, Cass Blvd/Kerr Way, Rx #4, Ch. 5

**II.  Internal Affairs Department (IAD) Interview Tapes**:

1. Carlos Pineda
2. L.T. Matthew Spillane
3. Janine Busby, Adrian St. Clair Worrell, Lenin Frederick
4. Robert Ward, Patrick Foley, Andrew Fay, Edward Gately, Jon-Michael Harber
5. P.O. Daniel Griffen
6. Jose Perez
7. Robert Sheets, Daniel Griffen, Jerome Riley, Stephen Fabiano
8. Joseph Watts, Gus Frangie, Robert Sheets, Hareeb Hosein
9. Alexandra Perez
10. Sgt. Det. Keeler (2/9/05)
11. Sgt. Joseph Toomey, James Coyne, Dennis Harris
12. Stephen Fabiano

Stephen B. Hrones, Esq.
March 13, 2006
Page  2
Re:  *Pineda, et al. v. Keeler, et al.*


       Should you have any questions or comments, please do not hesitate to contact me. Thank you for your assistance in this matter.


       Sincerely yours,



       Helen G. Litsas
       Assistant Corporation Counsel
       (617) 635-4023

HGL:rri
Enclosures