UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS PINEDA and ALEXANDRA PEREZ,  )<br>    Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>DANIEL KEELER, DENNIS HARRIS, JOSEPH R.)<br>WATTS, JOSEPH P. TOOMEY, WILLIAM J.  )<br>GALLAGHER, EDWARD GATELY, JANINE  )<br>BUSBY, and the CITY OF BOSTON,  )<br>    Defendants.  )<br>  ) | C.A. No. 05-10216-JLT |

**PLAINTIFFS' MOTION TO COMPEL DISLOSURE OF
PERSONNEL AND IAD RECORDS**

Now come the Plaintiffs, Carlos Pineda and Alexandra Perez pursuant to Fed. R. Cov. P. 26 (b)(1), and move this Honorable Court to compel Defendant City of Boston (hereinafter "the City") to complete its requirement under *Defendant's Automatic Disclosure Under Local Rule 26.2(A) and 26.1(B)*. Specifically, Plaintiffs request that the City provide the *entire* personnel records for each listed Defendant, as well as the complete Internal Affairs file of each Defendant. The Plaintiffs do not object to any request from the Defendant that documents from the personnel files of the Defendants be produced subject to a protective order. The Internal Affairs files are public records, so no protective order is required.

Wherefore the Plaintiffs request this Court to order the City to produce personnel files, Internal Affairs files, and internal complaints regarding the Defendant Police Officers: Daniel Keeler, Dennis Harris, Joseph W. Watts, Joseph P. Toomey, William J. Gallagher, Edward Gately, Janine Busby.

In support of their Motion, Plaintiffs submit the following Memorandum:

## BACKGROUND

The Plaintiffs filed suit against the Defendants Daniel Keeler, Dennis Harris, Joseph W. Watts, Joseph P. Toomey, William J. Gallagher, Edward Gately, Janine Busby and the City of Boston alleging violations of 42 U.S.C. §1983, M.G.L. c.12, §111.  Specifically, Plaintiffs allege that on April 28, 2003 Plaintiff Pineda was falsely arrested and assaulted by officers and that other officers physically restrained Plaintiff Perez without cause and would not permit here to protect her children.  Further, Plaintiffs allege that there was an unreasonable search of their apartment, which was performed without a warrant.  Finally, the officers forced Plaintiff Pineda into their patrol car without giving him an opportunity to put on proper clothing.  This resulted in television crews filming him while he was in his underwear, being led to a police car.

In early January, 2006, the Defendants provided the Internal Affairs file associated with the investigation of this case, however they failed to produce all other Internal Affairs reports and sustained internal complaints against each officer, as well as the personnel files for each officer.

## ARGUMENT

The Plaintiffs' Discovery request is made pursuant to Fed. R. Civ. P. 26 (b)(1) which allows for discovery of all non-privileged material that is relevant to the pending action.  That information does not have to be admissible, so long as it may lead to the discovery of admissible evidence.

Disclosure of the personnel and Internal Affairs files of a police officer is permissible

where an individual seeking such documents demonstrates a "specific, good faith reason for believing that the information is relevant to a material issue in the [judicial] proceeding and could be of real benefit to the [individual seeking disclosure]". *Commonwealth v. Wanis*, 426 Mass. 639, 644-645 (1998)(emphasis added).

Plaintiff alleges that on April 28, 2003, the Defendant officers used excessive force, made an illegal arrest and conducted an unlawful search of the Plaintiff's apartment. The requested discovery is admissible evidence regarding prior or subsequent bad acts committed by these officers that could be admissible for impeachment purposes. *See* Fed.R. Evid. 404(b). It is well established that a plaintiff in suit alleging civil rights violations may admit evidence derived from a defendant police officer's personnel or Internal Affairs files for this purpose. *Wilson v. City of Chicago*, 6 F.3d 1233, 1239 (7th Cir. 1993); *Kopf v. Skyrm*, 993 F.2d 374, 381 (4th Cir. 1993); *Ismail v. Cohen*, 899 F.2d 183, 188 (2nd Cir. 1990).

Additionally, the Internal Affairs file and personnel file may reveal information relevant to the defendants' veracity. *See* Fed. R. Evid. 608(b).

Defendants have provided the Internal Affairs statements relative to its investigation of this incident, however the Recommendation and Finding portion of the report was redacted. While it is known that Sergeants Watts and Toomey received verbal warnings as a result of their conduct during this incident, it is not known what Internal Affairs found as to the specific basis for the reprimand; whether there were constitutional violations such as to impose liability on the Defendants.

Pursuant to Local Rule 7.1(A)(2), Plaintiff's counsel certifies that they have attempted in good faith to resolve with Defendants' counsel the above-cited issues regarding the forwarding of these records, but have not been successful in coming to the same understanding about those issues.

Dated: June 28, 2006

Respectfully submitted,
The Plaintiffs Carlos Pineda
and Alexandra Perez,
By their attorneys,


\_\_\_//S// STEPHEN HRONES_____
Stephen Hrones (BBO No. 242860)
Jessica D Hedges (BBO No. 645847)
Hrones Garrity & Hedges
Lewis Wharf–Bay 232
Boston, MA 02110-3927
T) 617/227-4019


**Certificate of Service**

I, Stephen Hrones, hereby certify that on this 28th day of June, 2006, I served a true and correct copy of the foregoing PLAINTIFFS' MOTION TO COMPEL DISLOSURE OF PERSONNEL AND IAD RECORDS, electronically to: Ms. Helen Litsas, Assistant City Solicitor, City of Boston, One City Hall Plaza, Boston, MA 02201.


_____//S//STEPHEN HRONES_____

Stephen Hrones