UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 05-10216JLT

CARLOS PINEDA and
ALEXANDRA PEREZ,
    Plaintiffs,

v.

DANIEL KEELER, DENNIS HARRIS, JOSPEH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, JANINE BUSBY, and the CITY OF BOSTON
    Defendants

## DEFENDANTS' MOTION TO IMPOUND OR FILE UNDER SEAL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (PURSUANT TO L.R. 7.2)

The Defendants' hereby move to impound or file under seal Defendants' Motion for a Protective Order and Memorandum in Support of said motion under seal. As grounds for seal or impoundment, the Defendants assert that the Defendants' Motion for Protective Order and accompanying Memorandum seeks to preclude from discovery the Defendant officers' personnel files, Internal Affairs file and disciplinary action taken against the officers, and accordingly, the Motion itself necessarily discusses some of the highly personal content of such files, which include materials that are exempt from public disclosure by privacy (M.G.L. c.241, §1B); exempt personnel matters (M.G.L. c.4, §7(c) & (f)); and, criminal offender record information (M.G.L. c.6, §172). Additionally, the Motion discusses Boston Police Department Internal Affairs Department documents which are not available to the public.  See WBZ-TV4 v. District Attorney for the Suffolk District, 408 Mass.

1

595, 603, 562 N.E.2d 817, 822 (1990); <u>Bougas v. Chief of Police of Lexington</u>, 371 Mass. 59, 62, 354 N.E.2d 872, 876 (1976).

 The Defendants request that the Defendants' Motion be sealed in order to protect the privacy of these Defendant officers and maintain the confidentiality of the Defendants' Internal Affairs documents, which are unrelated to the incident at issue. Allowing the Defendants' Motion to be filed in the normal course would defeat the very purpose of the Defendants' Motion for Protective Order and unnecessarily invade the privacy of the individual officers by disclosing with the public the content of the Defendant officers' personnel and Internal Affairs files.

 Pursuant to Local Rule 7.2, the Order for Impoundment should last until this case is disposed of, either by motion or trial, whereupon the Defendants suggest that the materials be returned to the custody of the Defendants.

[signature next page]

Respectfully submitted,

DEFENDANTS DANIEL KEELER, DENNIS HARRIS, JOSPEH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, AND JANINE BUSBY
William F. Sinnott
Corporation Counsel

By their attorney:


/s/ Helen G. Litsas
_____
Helen G. Litsas
Assistant Corporation Counsel
BBO# 644848
Susan M. Weise
First Assistant Corporation Counsel
BBO# BBO#545455
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4040 (Weise)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of this document was served upon counsel of record via electronic filing.


    11/21/06　　　　　　　　　　　/s/ Helen G. Litsas
Date: _____　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Helen G. Litsas, Esq.

## 7.1 Certification

     Undersigned counsel certifies that pursuant to LR, D. Mass. 7.1(a)(2), she addressed this motion with Plaintiffs' counsel and we were unable to resolve or narrow the issue prior to filing the above motion.

    11/21/06　　　　　　　　　　　/s/ Helen G. Litsas
Date: _____　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Helen G. Litsas, Esq.