UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY, ET AL.
    Defendants

## DEFENDANTS JOSEPH P. TOOMEY AND JOSEPH R. WATTS' EMERGENCY MOTION TO STRIKE PORTIONS OF PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS

Now come the Defendants, Joseph P. Toomey ("Sgt. Toomey") and Joseph R. Watts ("Sgt. Watts"), and move this Honorable Court to strike portions of Plaintiffs' Rule 56.1 Statement of Material Facts. As grounds therefore, Defendants state that Plaintiff's purported Statement of Material Facts fail to comply with Rule 56.1 because they do not identify the facts in dispute, but instead offer immaterial statements of fact and misstatements of fact.

**I.  PLAINTIFFS HAVE FAILED TO COMPLY WITH L.R. 56.1.**

As the opposing parties, the Plaintiffs have an obligation to "state what specific facts are disputed and [therefore] prevent summary judgment." Vasapolli v. Rostoff, 864 F. Supp. 215, 218 (D. Mass. 1993), aff'd 39 F.3d 27 (1st Cir. 1994). Plaintiffs, however, have failed to satisfy this requirement as they have failed to identify and state which of the 123 facts proffered by the Defendants in their submission are in actual dispute. See Defs. Stmt. Of Mat. Facts, ¶ 1-123. Rather than disputing the facts presented by the Defendants, the Plaintiffs present misleading information and/or additional statements irrelevant to the factual statement made initially by

the Defendants. See ¶ ¶4, 13,16,17,24, 26-28; see also 1 (only the portion pertaining to "there was no sign of any white van"). Such immaterial assertions must be stricken. Moreover, Plaintiffs' failure to dispute Defendants' statement of facts requires their admission as uncontroverted. See Local Rule 56.1.(stating, "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties). Plaintiffs' submission is simply an effort to divert attention from the unavoidable conclusion that no material facts are in dispute.

    II.    **Reference to the Boston Police Department's Internal Affairs' INVESTIGATION AND Discipline of Sergeants Toomey and Watts Must Be Stricken As They Are Immaterial to Plaintiff's Constitutional Claims AND INADMISSIBLE AT TRIAL.**

In their Statement of Material Facts, specifically, Paragraphs 7 and 24 and Exhibit H, Plaintiffs reference the BPD Internal Affairs Department's investigation and disciplinary action taken against Sergeants Watts and Toomey regarding the April 28, 2003 incident. These references must be stricken because they are not only irrelevant, but also inadmissible under Fed. R. Evid. 407. See Hochen v. Bobst Group, Inc., 193 F.R.D. 22, 24 (D. Mass. 2000). The BPD's internal disciplinary action (given in its lowest level, in the form of an oral reprimand) bears no relevance on the ultimate issue of whether the Plaintiffs' civil rights were violated. The BPD's internal investigation reviews whether the Defendants violated any internal BPD rules and regulations and does not conduct a constitutional analysis, a role exclusively reserved for either the Court or a jury.

Moreover, any reference to the BPD's IAD investigation and action is inadmissible against the Defendants because Federal Rule of Evidence 404(b) establishes that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to

show action in conformity therewith." FRE 404(b). Any argument that such evidence has "special relevance" also is unpersuasive because such evidence clearly would not be offered to prove motive, intent, modus operandi, accident or mistake. See Fed. R. Evid. 404(b).

Furthermore, any slight probative value, which Defendants deny, is substantially outweighed by the danger that admission of such evidence would unfairly prejudice the Defendants, confuse the issues and/or the mislead of the jury. See Superchi v. Town of Athol, 170 F.R.D. 3, 6 (D. Mass. 1996) (cross examination of officer regarding prior complaints against said officer was inadmissible because such evidence was "clearly" more prejudicial than probative). Admission of this evidence may, for example, erroneously lead the jury to conclude that because the BPD disciplined Sgts. Watts and Toomey for a violation of the BPD's internal rules and regulations, Sgts. Watts and Toomey also violated Plaintiffs' constitutional rights. Such a conclusion would be erroneous and highly improper.

### III. Numerous Paragraphs From Plaintiffs' L.R. 56.1 Statement Of Facts Must Be Stricken Because They Contain Misstatements Of The Evidence AND DISTORTS THE SUMMARY JUDGMENT RECORD.

While this Court must construe the facts in the light most favorable to the Plaintiffs as the nonmovants, it is not required that this Court credit distortions of fact, misstatements of the summary judgment record or improper assertions saturated with argument. In Paragraph 2, for example, Plaintiffs assert that "Foley now knew that the driver of the Civic was not Plaintiff Pineda." This assertion constitutes improper argument rather than substantiated fact. Moreover, nowhere in the record is this contention supported. Additionally, in Paragraph 3, Plaintiffs make two unsubstantiated claims: (1) that Officer William Gallagher stated during his deposition that "one, and only one occupant" of the fleeing white Honda was followed by the police into the Fermoy Heights building; and (2) that Officer Coyne's report indicated that

"[t]he other two occupants were female and did not go into the apartment." The record, however, does not support these assertions. Officer Gallagher does not state that "only one occupant" of the vehicle was followed into the apartment building and nowhere in Exhibit C, Officer Coyne's report, does it establish that the two other occupants of the vehicle were female and that they did not go into the apartment building. Rather, the report contains the second level, inadmissible hearsay statement by Martha Jiminez that one of the other vehicle occupants was female and that she just "walked away." As for Plaintiffs' assertion that Sergeant Watts was "the" supervising sergeant of patrol officers that evening, Plaintiffs' contention is mistaken; he was "a" supervising sergeant amidst other supervising sergeants that evening. See Defs. Stmt. Of Mat. Facts. ¶¶ 96, 101.

Additionally, in Paragraph 20, Plaintiffs offer the unsubstantiated assertion that Sgt. Watts arrived "early enough" at the scene to see the "first" officers run into the Plaintiffs' residence. While Sgt. Watts testifies that he observes the officers run into the apartment, neither page 17 of Exhibit G nor any other exhibit cited by Plaintiffs establishes that Watts arrived at a time to observe the "first" officers run into the building. Similarly unsupported is Plaintiffs' assertion in Paragraph 22 that Sgt. Watts stated in his deposition that as a patrol supervisor, he was required "to know who was arrested." Exhibit G, cited by the Plaintiffs, does not support this contention. Also devoid of factual basis is Plaintiffs' assertion in Paragraph 29 that "Sgt. Toomey's lack of supervision caused the unjustified arrest of Pineda." Their citation to Sgt. Toomey's deposition testimony in Exhibit I, page 80, makes no reference to such a purported fact. Moreover, such an assertion is saturated with argument improper under L.R. 56.1. Accordingly, such references must be stricken from the summary judgment record.

### III. Plaintiffs' Exhibits A And C Constitute Inadmissible Hearsay And Therefore, Must Be Stricken From The Summary Judgment Record.

This Court must also strike Plaintiffs' Exhibits A and C of "Plaintiffs' L.R. 56.1 Statement of Material Facts" because they constitute inadmissible hearsay statements. Plaintiffs' Exhibit A is a Boston Police Report Incident report completed by Boston Police Officer Gallagher while Exhibit C is a Boston Police Form 26 report completed by Officer James Coyne. Each of these documents constitute out-of-court statements offered by the Plaintiff for the truth of the matter asserted. See Fed. R. Evid. 801 (defining hearsay). No hearsay exception applies. Moreover, the Plaintiffs deposed both Coyne and Gallagher where Plaintiffs had ample opportunity to examine these issues and obtain admissible evidence. They, however, failed to do so.

### IV. CONCLUSION

For all of the foregoing reasons and for any others stated orally, the Defendants respectfully request that this Court allow Defendants' emergency motion to strike.

**DEFENDANTS REQUEST ORAL ARGUMENT FOR THIS MOTION**

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007. | DEFENDANTS, JOSEPH P. TOOMEY, and JOSEPH WATTS<br><br>By their attorney:<br><br>/s/ Helen G. Litsas<br>Helen G. Litsas, BBO# 644848<br>Special Assistant Corporation Counsel<br>Law Office Of Helen G. Litsas<br>38 Main Street<br>Saugus, MA 01906<br>(781) 231-8090 |
| /s/Helen G. Litsas<br>Helen G. Litsas | |

### 7.1 Certification

Pursuant to L.R. 7.1, I, Helen G. Litsas, certify that on July 13, 2007, I contacted Plaintiffs' counsel and we were unable to narrow the issues prior to filing Defendants' motion to strike.

/s/Helen G. Litsas
Helen G. Litsas