UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY, ET AL.
    Defendants

### DEFENDANTS JOSEPH P. TOOMEY AND JOSEPH R. WATTS' EMERGENCY MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Joseph P. Toomey ("Sgt. Toomey") and Joseph R. Watts ("Sgt. Watts"), and respectfully move this Court to allow their Motion for Leave to Reply to Plaintiffs' Opposition to Defendants' Motions for Summary Judgment. As grounds for this motion, Defendants state that the Opposition filed by Plaintiffs raise legal issues, which require a response.

Pursuant to this Court's Electronic Case Filing Administrative Procedures, Defendants have attached to this Motion their Proposed Reply. If this Court grants leave to file the Reply, Defendants will file the original, indicating in the caption that leave has been granted.

WHEREFORE, Defendants move this Court to allow its motion for leave to file a reply to Plaintiffs' Opposition to Defendants' Motions for Summary Judgment.

**DEFENDANTS REQUEST ORAL ARGUMENT FOR THIS MOTION**

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/Helen G. Litsas
Helen G. Litsas

Respectfully submitted,

DEFENDANTS, JOSEPH P. TOOMEY, and JOSPEH WATTS

By their attorney:

/s/ Helen G. Litsas
Helen G. Litsas, BBO# 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

**7.1 Certification**

Pursuant to L.R. 7.1, I, Helen G. Litsas, certify that on July 13, 2007, I contacted Plaintiffs' counsel and we were unable to narrow the issues prior to filing Defendants' motion.

/s/Helen G. Litsas
Helen G. Litsas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY, ET AL.
    Defendants

**DEFENDANTS JOSEPH P. TOOMEY AND JOSEPH R. WATTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Joseph P. Toomey ("Sgt. Toomey") and Joseph R. Watts ("Sgt. Watts"), respectfully submit this Response to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. The Defendants incorporate by reference herein their Motion for Summary Judgment, the accompanying Memorandum in Support and any additional arguments that may be raised at a hearing on this matter. As a general objection to the Plaintiff's Opposition, Plaintiff fails to support most of his disputed facts with facts from the record. Plaintiff instead makes assumptions or conclusions that have no basis of fact in the record.[1]

    I.    **Watts and Toomey Did Not Violate Plaintiffs' Rights Because It Is Undisputed That They Did Not Arrest The Plaintiff, THEY Did NOT Order Said Arrest NOR Did THEY Participate Or Otherwise Order The Search Of Plaintiffs' Apartment.**

The Plaintiffs, in their opposition, attempt to put forth additional immaterial and in some cases, unsubstantiated facts regarding Sergeant Watts and Toomey's involvement in the incident which is the subject of this lawsuit. The uncontroverted summary judgment record, however, establishes that neither Sergeant Toomey nor Watts seized Pineda nor did they

---

[1] See *Defendants' Motion to Strike Plaintiff's Rule 56.1 Statement of Disputed Facts*.

conduct, order, or in any way participate in Pineda's arrest. Moreover, Pineda himself fails to even identify either Sergeant Toomey or Sergeant Watts as his arresting officer or supervising officer in said arrest. In fact, it is undisputed that other supervisors, aside from Watts and Toomey, were present on scene in Plaintiffs' apartment. Certainly, the mere presence of Sergeants Watts and Toomey on scene, amidst the presence of several other supervisors, does not automatically translate into their supervisory liability. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir. 1994)(requiring an affirmative link between supervisor's conduct and underlying constitutional violation). Moreover, the BPD's Internal Affairs discipline of Sergeants Watts and Toomey does not alter this analysis. Such evidence is not only irrelevant, but also inadmissible at trial. See Defendants' Motion to Strike at 2-3; see also Hochen v. Bobst Group, Inc., 193 F.R.D. 22, 24 (D. Mass. 2000).

II. **Plaintiffs' Opposition Improperly Engages In Monday-Morning Quarterbacking AND Asks the Wrong Question.**

In an effort to distract the Court from the unavoidable conclusion that probable cause existed to arrest Plaintiff Carlos Pineda, the Plaintiffs dedicate the bulk of their Opposition to facts that bolster Pineda's assertions of innocence. Plaintiffs invite this Court to engage in Monday-morning quarterbacking as they seek to establish that Pineda was not involved in either the shooting or the vehicle pursuit, but in doing so, they miss the critical inquiry: determining whether sufficient evidence known to officers at the time of his arrest existed to support probable cause. See Pierson v. Ray, 386 U.S. 547, 555 (1967)(holding that a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocent of the suspect is later proved); see also Godette v. Stanley, et. al, —F. Supp.2d —, 2007 WL 1430317 (May 16, 2007) (Tauro, J.) ("Probable cause is a relatively low standard for police officers to meet. To do so the government must establish that at the time of the arrest, the facts

and circumstances known to the arresting officers were such that a reasonable person would believe that the individual had committed or was committing a crime"). Given the totality of the circumstances known to officers prior to and at the time of his arrest, the answer to the probable cause inquiry is a resounding "yes."

In their Opposition, Plaintiffs misstate the probable cause calculus. Strikingly, the Plaintiffs overlook and do not dispute a number of facts that support the existence of probable cause. Plaintiffs overlook, for instance, the fact that during the police pursuit of the white van from the shooting scene, a percipient female eyewitness flags down Officer Gallagher's police vehicle to report that she had just seen a white Honda traveling with a white van and directs them to where they may be able to catch the white Honda. See Exhibit C, Gallagher Depo., p.9, lines 7-24.[2] Plaintiffs fail to recognize that Officer Gallagher then immediately locates this white Honda in the vicinity of this eyewitness and begins pursuit. In actions that only further enhance probable cause, Pineda's fleeing white Honda stops at one point, causing Officers Gallagher and Foley to exit their vehicle, but as soon as they do so, the white Honda immediately flees.

Also undisputed and overlooked is the fact that Pineda's white Honda continues to elude pursuit by numerous police vehicles, navigating through many different City streets at a high rate of speed before finally stopping outside Plaintiffs' residence. See Exhibit X, Fay Depo., p. 9, lines 4-24; p. 10, lines 1-17; p. 10, lines 18-24; p. 11, lines 1-24; p. 12, lines 1-24. While one of the shooting suspects remains with the white Honda, at least two of the Honda occupants flee and continue their emboldened flight from police on foot into the Fermoy Heights building, with at least one occupant entering Plaintiffs' apartment. See Exhibit X, Fay Depo., p. 12, lines 17-24; p. 15, lines 2-24; p. 16, lines 1 and 2; p. 17, lines 7-24; p. 18, lines 1-5. Moreover, when

---

[2] Plaintiffs' characterization of this eyewitness account as an "anonymous tip" is therefore disingenuous.

police follow the suspects to Plaintiffs' apartment, it is Pineda who opens the door and in unsolicited fashion immediately he connects himself to the fleeing white Honda by immediately asking officers about the location of his vehicle. See Exhibit X, Pineda depo., p. 71; lines 9-20; p. 72; lines 3-6; p. 91, lines 3-14; p. 75, lines 1-23. And contrary to Plaintiffs' contention, it is at that point that Pineda is arrested.³ Ample probable cause exists to believe that Pineda had some involvement in the shooting and had also refused to submit to police during the high speed pursuit either as an occupant or driver. Police reasonably believed that the multiple Honda occupants had been involved in the homicide and more than one Honda occupant had fled the vehicle into the Plaintiffs' apartment building. Moreover, contrary to Plaintiffs' assertion, there is no evidence establishing that at the time of the arrest, police knew that the two other occupants of the vehicle were female. See Defs. Mot. To Strike at 3-4. Given this totality of the circumstances, and the collective knowledge possessed by officers at the time of Pineda's arrest, it was objectively reasonable for officers to believe that Pineda had been involved in the shooting and/or in the white Honda's illegal flight from law enforcement.

The fact that Pineda was later determined not to be connected to either the homicide or the vehicle pursuit has no bearing on the ultimate constitutional issues here. See also Acosta v. Ames Departments Stores, 386 F.3d 5, 10 (1st Cir. 2004) (probable cause determinations are virtually by definition preliminary and tentative and "the focus is not on certitude, but rather on the likelihood of criminal activity."). Recently, in Godette, this Court echoed this conclusion when it upheld a probable cause finding of a bank robbery suspect who was later proven not to have been involved in the crime. See Godette, supra at *5. This Court reasoned that the totality

---

² There is no evidence to suggest that this female eyewitness intended to remain anonymous as it is undisputed that she took the initiative to personally flag down a police vehicle, she spoke with officers in person, and reported her eyewitness account of the fleeing white van traveling with a white Honda. See Exhibit C, Gallagher Depo., p.9, lines 7-24.
³ Moreover, contrary to Plaintiffs' contention, the record establishes that Serrano's arrest occurs

of the circumstances known to officers at the time of the arrest supported probable cause despite the fact that the plaintiff was African-American and the robbery suspect was Hispanic, and despite the fact that before arresting the Plaintiff, the police had already determined that the getaway vehicle used in the bank robbery was not registered to the plaintiff, but to a fellow student at his college. See id. Certainly here, given all of the circumstances regarding the shooting, the pursuit, the suspects' flight to Pineda's residence, and Pineda's own interactions with police, this Court should reach a similar conclusion and hold that that ample probable cause existed to support the arrest.

### III. Plaintiff Pineda Cannot Prevail On His Excessive Force Claim.

Having failed to establish that either Sergeant Watts or Toomey participated or otherwise ordered Plaintiff Pineda's arrest, Plaintiffs cannot establish Sergeants Watts' or Toomey's liability for excessive force. Even assuming that Plaintiffs could establish such factual connection, no liability attaches. "A police officer may use such force as is reasonably necessary to arrest a suspect. The amount of force the arresting officer may use depends on the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others and whether the suspect is actively resisting arrest." See Godette, supra at 6. In Godette, for example, this Court held that "[i]t was objectively reasonable for the arresting officers to push Plaintiff, then a suspect [in an armed robbery], against the wall and handcuff him to effectuate the arrest." See Godette, supra at 6. See id. Certainly here, assuming Plaintiffs'

---

subsequent to Pineda's arrest. Defs. Stmt. Of Mat. Facts, at ¶¶ 39, 48.

" Application of the "fellow-officer rule" also reinforces this conclusion. See U.S. v. Meade, 110 F.3d 190, 193 (1st Cir. 1997) (relying on Burnes v. Loranger, 907 F.2d 233, 236 n.7 (1st Cir. 1990) ("Under the 'fellow-officer' rule, law enforcement officials cooperating in an investigation are entitled to rely upon each other's knowledge of fact when forming the conclusion that a suspect has committed or is committing a crime.)

" As for Plaintiffs' reliance on Jenkins v. City of New York, 478 F.3d 76, 81 (2d Cir. 2007), it is misplaced because of its numerous factual dissimilarities from the case at bar and its lack of binding authority to this

contentions as true, the force used to arrest Pineda was reasonable where police were investigating not merely a bank robbery, but a homicide, and had just followed the suspect vehicle in a high speed vehicle and foot chase directly to Pineda's door. Accordingly, Plaintiff Pineda's excessive force claim fails.

### III.    SERGEANTS WATTS AND TOOMEY ARE ALSO ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' UNREASONABLE SEARCH CLAIM.

Plaintiffs contend generally that the police search violated the Plaintiffs' Fourth Amendment rights, but they failed to provide factual support for their conclusory assertion that Watts and Toomey participated and/or otherwise ordered the search and/or protective sweep. Nowhere in their submissions do they provide evidence that either Watts or Toomey participated and/or otherwise ordered said search. Additionally, in their misplaced reliance on case law from another jurisdiction, Plaintiffs fail to recognize governing First Circuit precedent establishing that the scope of the protective sweep extends to any place where a person may be found and lasts as long as reasonably necessary to dispel the danger, see United States v. Martins, 413 F.3d 139 (1st Cir. 2005), and may also extend to anywhere a weapon may be hidden if police are not certain that all dangerous individuals have been removed from the house. See United States v. Paradis, 351 F.3d 21, 29 (1st Cir. 2003).

Moreover, while Plaintiffs contend that the search fell beyond the scope of a protective sweep and that Plaintiff Perez' consent was not voluntary, Plaintiffs fail to counter Defendants' argument that the exigent circumstances doctrine also establishes that the warrantless search was lawful. Plaintiff offers neither evidence nor argument, and rightly so, to the Defendants'

---

Court. For example, in Jenkins, there was no evidence of any high speed vehicle pursuit and subsequent foot pursuit of shooting suspects that led directly to the plaintiff's residence and moreover, the plaintiff's arrest did not occur in close proximity to the crimes at issue, but after a period of time had elapsed. See id.

statement of undisputed facts that at the time of police entry into Plaintiffs' apartment, police were pursuing armed, fleeing felons and potential harm to the police and the public existed. Accordingly, Defendants Watts and Toomey are entitled to summary judgment on Plaintiffs' unreasonable search claim.

IV. **Sergeant Watts and toomey Are Entitled to Qualified Immunity For Both Pineda's Arrest and The Protective Sweep/Search.**

Even if mistakes were made in concluding that probable cause existed to arrest Plaintiff Pineda and in concluding that a warrantless search of Plaintiffs' apartment was proper, Pineda's arrest and the search were nonetheless objectively reasonable at the time thereby entitling Watts and Toomey to qualified immunity. Plaintiffs have failed to show that Pineda's arrest was inconsistent with the Fourth Amendment. See Cox v. Hainey, No. 04-1761, 2004 U.S. App. LEXIS 24766, *14 (1st Cir. 2004) (qualified immunity requires a somewhat lesser showing than probable cause, and asks whether the officers' actions were obviously inconsistent with Plaintiff's Fourth Amendment rights). Even where law enforcement officials "reasonably but mistakenly conclude that probable cause is present . . . in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987), citing Malley v. Briggs, 475 U.S. 335, 344-45 (1986). "Thus, in the case of a warrantless arrest, if the presence of probable cause is arguable or subject to legitimate question, qualified immunity will attach." Id. Accordingly, Watts and Toomey are entitled to qualified immunity on Plaintiff Pineda's false arrest claim.

In a similar vein, Sergeants Watts and Toomey should not be held liable for the alleged search because even if it were done in error, which the Defendants vehemently deny, "a public actor's liability under section 1983 is not absolute: the doctrine of qualified immunity provides a safe harbor for a wide range of mistaken judgments." Cox v. Hainey, No. 04-1761, 2004 U.S.

7

App. LEXIS 24766, *14 (1st Cir. 2004), quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (internal citations omitted). Given the split-second circumstances officers confronted after a responding to a double shooting and engaging in pursuit of the fleeing armed felons, a reasonable officer could have believed that the protective sweep was proper and that in any event, exigent circumstances lawfully permitted the search of the Plaintiffs' apartment. Accordingly, Plaintiffs' claim must be denied.

## V. CONCLUSION

For all of the foregoing reasons and for any others stated orally, the Defendants respectfully request that this Court allow Defendants' emergency motion to strike.

Respectfully submitted,
DEFENDANTS, JOSEPH P. TOOMEY, and JOSEPH WATTS

By their attorney:

/s/ Helen G. Litsas
Helen G. Litsas, BBO# 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/ Helen G. Litsas
Helen G. Litsas