UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS PINEDA and ALEXANDRA PEREZ,<br>    Plaintiffs,<br><br>v.<br><br>DANIEL KEELER, DENNIS HARRIS, JOSEPH R. WATTS, JOSEPH P. TOOMEY, WILLIAM J. GALLAGHER, EDWARD GATELY, JANINE BUSBY, and the CITY OF BOSTON,<br>    Defendants. | )<br>)<br>)<br>)   C.A. No. 05-10216-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

The Plaintiffs respectfully submit the following Pre-Trial Memorandum.

1.    SUMMARY OF THE EVIDENCE

**Plaintiffs will offer the following evidence at trial**:

On April 28, 2003, a person was shot at a Mobil gas station in Boston. The police believed that the shooter was in a white van. A woman told responding officers that she saw a white van with a white Honda on Melnea Cass Boulevard. The officers saw a white Honda on Melnea Cass, but there was no white van. Nevertheless, they chose to pursue that Honda.

They chased the car to 11 Fermoy Heights in Boston. Prior to the chase ending, Officer Foley was able to identify the driver as a man named Norberto Serrano, aka Luis Cruz. Cruz fled the car and ran into the Plaintiff's apartment, 11 Fermoy Heights. The two other occupants were women and no one else ran in to the apartment.

When police knocked, Plaintiff Pineda answered and was greeted by several police officers with guns drawn. Plaintiff Pineda then noticed that his car was not where he had parked it and asked the police if they had seen it. The officers responded by asking the Plaintiff whether it was a "white Honda".

1

When Pineda said that it was, the officers grabbed him, slammed him against a wall twice, handcuffed him and arrested him. While Pineda was being arrested, Plaintiff Alexandra Perez attempted to get to her children, but a white male officer and a black female officer would not let her. Instead, they held her in the kitchen. Officer Busby asked if she had a record. She replied that she "had a good one." Busby then said, "not for long" and threatened to call DSS.

The officers, with guns drawn, searched the apartment. They flipped over mattresses, threw clothes on the floor, opened bureau drawers, dumped trash on the floor, searched under beds, flipped over a "potty," and removed boxes from closets, all without obtaining a warrant. The officers started the search before asking for permission to search. They also told Perez that they would get a warrant whether she gave permission or not.

Meanwhile, the officers led Plaintiff Pineda out of the apartment in his underwear in front of the news cameras. Television news reports showing Plaintiff Pineda under arrest for a shooting were continuously shown on all of the major channels over a two-day period.

Plaintiff Pineda was put in a cell at the police station. After a few hours, Plaintiff Pineda was released without charges. As it turned out, Cruz had borrowed Plaintiff Pineda's car without his permission and, in any event, Cruz was not himself involved in the shooting.

Defendants Watts and Toomey were in charge of the officers in the Plaintiff's apartment. Defendant Watts was the supervising sergeant of the patrol officers on the night in question. Toomey was his equal in terms of authority and responsibility. Both were from the district in which the apartment was located.

Watts arrived at the scene of the arrest early enough to see the first officers run into the Plaintiffs' residence. When he entered the apartment, Watts was in charge. Although he claims he did not see anyone arrested, his role as a supervisor was to make sure no one's rights were

violated, and to know who was arrested. Despite being the supervisor in charge and being from the district in which the arrest took place, Watts claims to have given no orders to anyone that night. Other evidence suggests he and Toomey did give orders. Watts' lack of "accountability" caused the Plaintiff Pineda to be arrested without "just cause," according to the Department.

Toomey's role as supervisor was to make sure everyone was doing their job, yet Toomey claims that he does not know who was in charge at the apartment on that night. He also claims that he has no knowledge of what happened to Pineda. He did state, however, that patrol supervisors, such as Watts and himself, should know who is and is not arrested at the scene of an alleged crime. As with Watts, Toomey's lack of supervision caused the unjustified arrest of Pineda.

All of these events had a dramatic effect on the Plaintiffs' life and put a great strain on their relationship. In addition to Pineda and Perez' emotional distress caused by the officers' actions, Pineda also suffered the humiliation of being dragged in front of cameras in his underwear as an accused murderer.

2. <u>AGREED UPON FACTS</u>

Unsure.

3. <u>CONTESTED FACTS</u>

Whether there was probable cause to arrest Pineda

Whether officers used excessive force on Pineda

Whether the officers' search exceeded the scope of a protective sweep

Whether Perez' consent was voluntary and sufficiently attenuated from the illegal search and arrest

Whether Toomey and Watts are liable as supervisors.

4.      JURISDICTIONAL QUESTIONS

      None.

5.      QUESTIONS RAISED BY PENDING MOTIONS

Whether there was probable cause to arrest Pineda

Whether officers used excessive force on Pineda

Whether the officers' search exceeded the scope of a protective sweep

Whether Perez' consent was voluntary and sufficiently attenuated from the illegal search and arrest

Whether Toomey and Watts are liable as supervisors.

Whether the Defendants are entitled to qualified immunity.

6.      ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS

      Issues of law:

      None.

      Evidentiary issues:

      None, to Plaintiff's knowledge.

7.      REQUESTED AMENDMENTS TO THE PLEADINGS

      There are no requested amendments to the pleadings at this time.

8.      ADDITIONAL MATTERS IN AID OF DISPOSITION

      None

9.      PROBABLE LENGTH OF TRIAL

      Approximately one week.

10.   **WITNESSES THAT MAY BE CALLED AT TRIAL**

1. Carlos Pineda, 1.5 hours
2. Alexandra Perez, 1.25 hour
3. Jose Perez, .5 hour
4. Marta Jiminez
5. Detective Daniel Keeler
6. Detective Dennis Harris
7. Sergeant Joseph R. Watts, 1.25 hours
8. Sergeant Joseph P. Toomey, 1.25 hours
9. Officer William J. Gallagher, .75 hours
10. Officer Edward Gately, .5 hours
11. Officer Janine Busby
12. Officer James Coyne, .5 hours
13. Officer John-Michael Harbo
14. Officer Patrick Foley, .5 hours
15. Officer Andrew Fay, .5 hours
16. Officer Fabiano, .5 hours
17. Officer Ghassab Frangie
18. Officer Adrian Worrell
19. Officer Hasseb Hosein
20. Officer Daniel Griffith
21. Sergeant Robert Sheets
22. Lieutenant Matthew Spillane
23. Officer Lenin Frederick, .25 hours
24. Officer Robert Ward, .25 hours
25. Officer Adrian Worrell
26. Officer Riley, .5 hours
27. Dep. Superintendent Patrick Crossen, .5 hours

Plaintiff reserves right to call anyone on Defendants' list and to supplement this list

11.   **PROPOSED EXHIBITS**

1. Videotapes of arrest of Plaintiff
2. Photographs of apartment after search
3. Boston Police Department, Rule 102, § 6 of the Rules and Procedures of the Boston Police:
4. Boston Police Department Internal Affairs Findings and Assessments
5. Boston Police Incident Report relative to the incident.
6. FID of Plaintiff
7. Radio Log
8. Supervisors transmissions on police channel 3 tape and transcript

Plaintiff reserves the right to supplement this response.

5

        Respectfully submitted,
        Carlos Pineda and Alexandra Perez,
        By their attorneys,


        //s// Michael Tumposky
        Stephen Hrones (BBO No. 242860)
        Jessica D Hedges (BBO No. 645847)
        Michael Tumposky (BBO No. 660618)
        Hrones, Garrity & Hedges, LLP
        Lewis Wharf – Bay 232
        Boston, MA 02110-3927
        (617) 227-4019

## **CERTIFICATE OF SERVICE**

    I, Michael Tumposky, hereby certify that, on this 16th day of July, 2007, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

        //s// Michael Tumposky
        Michael Tumposky