UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.
    Defendants

## DEFENDANTS' MOTION IN LIMINE REQUESTING JURY INSTRUCTION REGARDING PROBABLE CAUSE AND SUPERVISORY LIABILITY PRIOR TO OPENING STATEMENTS

Defendants, Sergeants Joseph Toomey and Joseph Watts ("Defendants"), respectfully request that this Court provide the jury with two (2) jury instructions prior to Opening Statements. Defendants request that this Court provide jury instructions on the following limited issues: (1) probable cause, and (2) supervisory liability.[1] As grounds for this request, the Defendants assert that issuance of these instructions <u>at the outset of the trial</u> will immediately elucidate for the jurors the parameters of liability in this case, avoid their unnecessary confusion of the issues and prevent any unfair prejudice to the Defendants.

Given that Plaintiff Pineda was released from police custody and later determined not to have been involved in the April 28, 2003 homicide, there is a significant risk that the jury that may be misled into believing that Pineda's release vitiates probable cause. An instruction on probable cause at the outset of trial, however, will prevent this confusion and provide the jury with the necessary framework within

---

[1] For the Court's review, the Defendants attach as Exhibit A, Defendants' Proposed Jury Instructions n Probable Cause and Supervisory Liability.

which to view the evidence during the course of the trial.

Similarly, there is a risk that the jury may misconstrue the concept of supervisory liability in its constitutional context. A jury instruction at the outset of trial, however, will significantly reduce this risk by educating them immediately about the specific issue at hand.

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion.

**DEFENDANTS REQUEST AN ORAL ARGUMENT ON THIS MOTION**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/

<u>Helen G. Litsas</u>
 Helen G. Litsas

Dated: July 16, 2007

Respectfully submitted,
DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,
By their attorneys:

/s/ Helen G. Litsas
Helen G. Litsas, BBO# 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

Susan M. Weise, BBO# 544 5455
First Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4040

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.,
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.,
    Defendants

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS TO BE ISSUED PRIOR TO OPENING STATEMENTS

**I.**    **REQUEST NO. 1: Probable Cause**

An individual may be arrested without a warrant as long as probable cause exists to support the arrest. Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992); Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). Probable cause is a relatively low threshold. Probable cause for an arrest exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed, and also determines that the individual to be arrested is likely one of the perpetrators. In making such a determination, the focus is not on certitude, but rather on the likelihood of criminal activity. Acosta v. Ames Departments Stores, 386 F.3d 5, 10 (1st Cir. 2004). Moreover, the existence of probable cause depends on the "totality of the circumstances." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992).

When an arrest is challenged on the basis of lack of probable cause, the arrest is "deemed objectively reasonable unless there clearly was no probable cause at the time the arrest was made." Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993)).

## II. REQUEST NO. 2: Supervisory Liability

A supervisor may be held liable only on the basis of the supervisor's own acts or omissions. Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). The First Circuit has held that supervisory liability requires an "affirmative link between the supervisor's conduct and the underlying section 1983 violation." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir. 1994). The issue, therefore, is whether the supervisor caused the constitutional violation to be committed by the subordinate officer. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996). Supervisory liability requires affirmative participation in act that causes constitutional deprivation. Id.

Put another way, a supervisor can only be held liable if the Plaintiff proves the following: (1) that his subordinate violated the Plaintiff's constitutional rights; and that (2) the supervisor's action or inaction was responsible for this constitutional violation. See id., citing Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988). That affirmative link must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." Lipsett, 864 F.2d at 902.

To prove a supervisor's deliberate indifference, the Plaintiff must show that 1) there was a grave risk of harm, 2) the supervisor had actual or constructive knowledge of that risk; and 3) he failed to take easily available measures to address the risk. Camilo-Robles, 151 F.3d at 7.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/

Helen G. Litsas
    Helen G. Litsas

Dated: July 16, 2007

Respectfully submitted,
DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,
By their attorneys:

/s/ Helen G. Litsas
Helen G. Litsas, BBO # 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

Susan M. Weise, BBO # 5445455
First Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4040