UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.
    Defendants

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL "OTHER ACTS" EVIDENCE UNRELATED TO THE APRIL 28, 2003 INCIDENT

The Defendants, Joseph Toomey and Joseph Watts ("Defendants"), respectfully request that this Court exclude any testimony, evidence, reference, comments and/or arguments regarding "other acts" allegedly committed by the Defendants and/or other police officer witnesses from the trial of this matter – including during the Plaintiffs' opening and closing statements. Admission of any alleged "other acts" evidence is not relevant to the narrow issues in this case. Moreover, any slight probative value is substantially outweighed by the danger of unfair prejudice to the Defendants. Further, the Defendants request that the Court require the Plaintiff's counsel to instruct his witnesses that they are not to make any reference to any such "other acts."

**I.** **Admission of any alleged "other acts" evidence is not relevant or "specially relevant" to the narrow issue in this case and would violate the federal rules.**

The sole issues in this case are whether, as the Plaintiffs have alleged, Defendants Watts and Toomey violated Plaintiffs' civil rights. Any alleged "other acts" bear no relevance to this issue. Accordingly, the Plaintiff should be precluded from questioning witnesses about or

making any references to: 1) citizen complaints against officers, 2) internal affairs investigations unrelated to the April 28, 2003 incident ("IAD investigations"), 3) officer disciplinary actions, and 4) other litigation arising from other incidents.

    **1.    Admission of Other Acts Evidence Is Prohibited to Show Propensity.**

According to the First Circuit, it is axiomatic that evidence of other crimes, wrongs, or acts is not admissible to prove that a person acted in a similar fashion in the case at hand. See Fed. R. Evid. 404(b); Lataille v. Ponte, 754 F.2d 33, 35 (1st Cir. 1985); Udemba v. Nicoli, 237 F.3d 8, (1st Cir. 2001). While arguably relevant, propensity or bad character evidence carries an unacceptable risk that a jury will find liability for conduct other than the conduct at issue in the case before it, or that it will find liability, although uncertain of guilt, because a bad person deserves punishment. See Fed. R. Evid. 404(a), Advisory Committee Note. However, evidence having "special relevance" may be admissible if the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or the misleading of the jury. See Udemba v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001). Evidence has "special relevance" if it is admitted for a reason other than to show propensity, such as to prove motive, intent, modus operandi, accident or mistake. See Fed. R. Evid. 404(b); Lataille, 754 F.2d at 35. Clearly, considering the Plaintiff's allegations and the remaining issues in this case, no special relevance exists here.

    **2.    "Other Acts" Evidence Relating To Internal Disciplinary Actions Taken By The Boston Police Department Unrelated to The April 28, 2003 Incident Lacks Any Special Relevance And Is Inadmissible.**

In this case, any "other acts" evidence pertaining to the Defendants or other police witnesses does not have any "special relevance" to the disputed issues in this case. The Plaintiffs could only seek to admit such evidence to impermissibly prove propensity – not to

prove motive, intent, modus operandi, accident or mistake. The Plaintiffs, for example, may seek to admit evidence of prior Boston Police Department disciplinary action involving the Defendants or other police witnesses.

Such internal disciplinary action taken by the Boston Police Department is inadmissible under Fed. R. Evid. 407. See Kinan v. City of Brockton, F.2d 1029 (1989); Hochen v. Bobst Group, Inc., 193 F.R.D. 22, 24 (D. Mass. 2000). Such disciplinary action bears no relevance on the ultimate issue of whether the Plaintiff's civil rights were violated and whether Defendant Watts or Defendant Toomey violated Plaintiffs' civil rights. Additionally, this "other act" does not relate to either Defendant Watts or Toomey's character for truthfulness or untruthfulness. See Fed. R. Evid. 608(b); Sabir v. Jowett, 143 F. Supp. 2d 217 (D. Conn. 2001) (cross examination of detective about prior conduct which led to three administrative investigations, not all of which were sustained, by the state police were excluded because the detective's conduct did not relate to his truthfulness or untruthfulness). Rather, it is propensity evidence which is "just the type of evidence Fed. R. Evid. 404(b) precludes." See Falk v. Clarke, No. 88C7293, 1990 WL 43581, *6 (N.D. Ill. Apr. 3, 1990).

3. **"Other Acts" Evidence Relating To Other Incidents Or Litigation Involving Police Officers Also Lacks Any Special Relevance And Is Inadmissible.**

The Plaintiff may seek to introduce evidence relating to other incidents or litigation, which bears no relationship to this civil rights litigation. Similarly irrelevant and inappropriate is any reference to other police misconduct cases, whether local or national, including any civil or criminal case, past or present. Overall, any such attempts or references by the Plaintiff and/or Plaintiff's counsel to other litigation is separate and distinct and bears no relevance to any issue in the case, and is therefore inadmissible. As discussed infra, admission of this evidence would also be unfairly prejudicial to the Defendants.

**4.    "Other Acts" Disguised As "Pattern" Evidence Is Prohibited Because The Municipal Defendant Has Been Dismissed From This Case.**

The Court's dismissal of the municipal defendant, the City of Boston, renders evidence of alleged "other acts" by the Defendants and/or police witnesses irrelevant and inadmissible. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-74 (1st Cir. 1989); see also Bordanaro v. McLeod, 871 F.2d 1151, 1166 (1st Cir. 1989); see also Superchi v. Town of Athol, 170 F.R.D. 3, 5 (D. Mass. 1996) (prior citizen complaints against individual police officer alleging excessive force admitted with respect to the claims against the Town but not admissible with respect to the claims against the officer). With the City's custom, policy and practices not at issue, any alleged pattern of conduct or a motive or intent is irrelevant. Such evidence can only be construed to show that the Defendants acted in a certain way because they have acted that way on prior or other occasions which is "just the type of evidence Fed. R. Evid. 404(b) precludes." See Falk v. Clarke, No. 88C7293, 1990 WL 43581, *6 (N.D.Ill. Apr. 3, 1990) (evidence excluded where counsel contended that other acts evidence was being offered to show a pattern of activity but was in reality disguising the impermissible propensity purpose). Admission of such evidence is inadmissible and should be excluded.

**II.    Admission of any "other acts" evidence is also prohibited because admission of such evidence would Be UNFAIRLY Prejudicial to the Defendants.**

Moreover, even assuming *arguendo* that the Defendants' or police witnesses' alleged "other acts" have some slight "special relevance" or somehow relate to the Defendants' and/or police witnesses' veracity, which the Defendants deny, such acts are nonetheless inadmissible because the probative value of admitting such evidence is substantially outweighed by the

danger of unfair prejudice to the Defendants. See Fed. R. Evid. 403, 404(b) and 806(b); see Superchi v. Town of Athol, 170 F.R.D. 3, 6 (D. Mass. 1996) (cross examination of officer regarding prior complaints against said officer was inadmissible because such evidence was "clearly" more prejudicial than probative). Admission of such evidence will very likely confuse the issues and mislead the jury, particularly in this case which presents a classic credibility contest between the Plaintiff and the Defendants. Furthermore, in this case the evidence substantially consists of eyewitness testimony by the parties involved. Under these circumstances, evidence admitted purporting to show the bad character of the Defendants or of other police witnesses may substantially and unfairly sway the jury's verdict. Certainly, any limiting instruction cannot mitigate the effects of admitting such gravely prejudicial evidence.

**III.   CONCLUSION**

Based on the foregoing, and for any other reasons stated orally to the Court, the Defendants move that an order be entered precluding the Plaintiff's counsel from referencing, in any way, including during opening and closing statements, any "other acts" evidence pertaining to the Defendants or witness police officers. The Defendants also request that the Plaintiff's counsel instruct his witnesses to refrain from making any such references during their testimony.

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/

Helen G. Litsas
    Helen G. Litsas

Dated: July 16, 2007

Respectfully submitted,
DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,
By their attorneys:

/s/ Helen G. Litsas
Helen G. Litsas, BBO# 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

Susan M. Weise, BBO# 5445455
First Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4040