UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY, ET AL.
    Defendants

### DEFENDANTS WATTS AND TOOMEY'S MOTION IN LIMINE TO EXCLUDE ANY AND ALL REFERENCE TO Boston police department's rules and regulations

The Defendants, Sergeants Joseph Toomey and Sergeant Joseph Watts, respectfully request that this Honorable Court exclude any testimony, evidence, reference, comments and/or arguments regarding at trial relative to the Boston Police Department's internal rules and regulations. Such evidence not only lacks probative value, but its admission would mislead and confuse the jury.

**I.  FED. R. EVID. 402 WARRANTS EXCLUSION OF THE BPD RULES.**

The BPD's internal rules and regulations are not probative of any civil rights issue in this case. The issues to be decided here are whether the Defendants violated Plaintiffs' civil rights and not whether they committed a violation of internal BPD procedures. Certainly, a violation of a BPD rules is not a per se constitutional violation. Moreover, the rules are also irrelevant because no municipal claim remains as the City of Boston has been dismissed from the case. Accordingly, any and all references to these rules should be excluded.

1

**II.    EXCLUSION OF THE BPD RULES IS ALSO WARRANTED BECAUSE ADMISSION OF SUCH EVIDENCE WOULD NOT ONLY UNFAIRLY AND IRREPARABLY PREJUDICE THE DEFENDANTS, BUT ALSO MISLEAD AND CONFUSE THE JURY.**

Fed. R. Evid. 403 also warrants exclusion because any slight probative value of the rules, which the Defendants deny, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury. No connection exists between an internal BPD rule violation and a violation of the United States Constitution. Moreover, an extreme danger exists that such questions and testimony regarding the alleged rules violations may confuse the issues before the jury and mislead them into finding that a violation of a regulation translates into a violation of the Constitution. Cf. See Kinan v. City of Brockton, F.2d 1029 (1989) (recognizing the risk of a jury's misuse of an IAD report in a civil rights suit); Berkovich v Hicks, 922 F.2d 1018, 1023 (2nd Cir. 1991) (holding that admission of citizen complaints against officer not only lacks probative value and their admission would "tilt[ ]the scales further toward a finding of undue prejudice.")

Furthermore, admission of such improper evidence would not only place the Defendants in a hostile light, but also negatively taint the Defendants in the eyes of the jury. The jury may mistakenly seek to punish the Defendants for a violation of these rules, rather than for a civil rights violation.

**III.    CONCLUSION**

Based on the foregoing argument and other reasons stated orally, the Court should grant Defendants' motion.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2007.<br><br>/s/<br>Helen G. Litsas<br>    Helen G. Litsas<br><br><br>Dated: July 17, 2007 | Respectfully submitted,<br>DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,<br>By their attorneys:<br><br><br>/s/ Helen G. Litsas<br>Helen G. Litsas, BBO# 644848<br>Special Assistant Corporation Counsel<br>Law Office Of Helen G. Litsas<br>38 Main Street<br>Saugus, MA 01906<br>(781) 231-8090<br><br>Susan M. Weise, BBO# 545455<br>First Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4040 |