UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY, ET AL.
    Defendants

## DEFENDANTS WATTS AND TOOMEY'S MOTION IN LIMINE TO EXCLUDE ANY AND ALL REFERENCE TO THE INTERNAL AFFAIRS DEPARTMENT'S INVESTIGATION, REPORT AND DISCIPLINE ISSUED REGARDING THE APRIL 28, 2003 INCIDENT

The Defendants, Sergeants Joseph Toomey and Sergeant Joseph Watts, respectfully request that this Honorable Court exclude any testimony, evidence, reference, comments and/or arguments regarding at trial relative to an Internal Affairs Department (IAD) investigation, report and discipline issued with respect to the April 28, 2003 incident. Such evidence not only lacks probative value, but its admission would unfairly and irreparably prejudice the Defendants.

    **I.**    **EXCLUSION OF THE IAD INVESTIGATION, REPORT AND DISCIPLINE IS WARRANTED BECAUSE SUCH EVIDENCE IS IRRELEVANT AND LACKS ANY PROBATIVE VALUE.**

While the IAD investigation, report and discipline may be admissible against a municipal defendant for purposes of proving custom, policy or practice, such evidence is inadmissible as to the individual defendants, Sergeants Watts and Toomey. No municipal defendant remains in this litigation as the City of Boston has been dismissed from the case. The IAD investigation conducted by the BPD regarding this incident is not probative of Plaintiffs' civil rights allegations as it reflects the BPD's internal review

1

of officers' compliance with internal rules and regulations. This investigation does not examine whether an individual's constitutional rights were violated, but rather determines whether an officer abided by established rules and regulations set forth by the BPD. Any internal disciplinary action taken by the Boston Police Department against the Defendants is inadmissible under Fed. R. Evid. 407. See <u>Kinan v. City of Brockton</u>, F.2d 1029 (1989) (upholding exclusion of police department's Internal Affairs investigation and report); <u>Hochen v. Bobst Group, Inc.</u>, 193 F.R.D. 22, 24 (D. Mass. 2000). Moreover, the introduction of this evidence, especially the oral reprimands issued to the Defendants by IAD, is merely a veiled attempt to prove the Defendants' character through bad acts, which is expressly prohibited by Rule 404(b). Such disciplinary action bears no relevance on the ultimate issue of whether the Plaintiff's civil rights were violated.

> **II. EXCLUSION OF THE IAD INVESTIGATION, REPORT AND DISCIPLINE IS ALSO WARRANTED BECAUSE ADMISSION OF SUCH EVIDENCE WOULD NOT ONLY UNFAIRLY AND IRREPARABLY PREJUDICE THE DEFENDANTS, BUT ALSO MISLEAD AND CONFUSE THE JURY.**

Allowing evidence of the IAD investigation, report and discipline of Sergeants Watts and Toomey to come before the jury would render irreparable prejudice to them. As the IAD investigation determined that the Defendants violated Boston Police Department, Rule 102, § 6, a rule governing their supervisory duties, there is grave risk that the jury may mistake this BPD determination for a constitutional violation. The jury may fail to understand that a violation of an internal police regulation does not translate automatically into a constitutional violation. Cf. See <u>Kinan v. City of Brockton</u>, F.2d 1029 (1989) (recognizing the risk of a jury's misuse of an IAD report in a civil rights suit); <u>Berkovich v Hicks</u>, 922 F.2d 1018, 1023 (2nd Cir. 1991) (holding that

admission of citizen complaints against officer not only lacks probative value and their admission would "tilt[]the scales further toward a finding of undue prejudice.")

Admission of such improper evidence would not only place the Defendants in a hostile light, but also negatively taint the Defendants in the eyes of the jury, especially in light of the report's statement that Pineda was arrested "without just cause." Moreover, its admission would require a trial on the Internal Affairs complaint in order to defend the actions of Defendants Watts and Toomey in what is an internal disciplinary matter unrelated to the civil rights trial. Accordingly, such evidence should be excluded.

**III.   CONCLUSION**

Due to the nonexistent probative value of admitting such evidence and the substantial prejudicial effect such admission would have against the Defendants, this evidence should be excluded at trial.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY, By their attorneys: |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2007.<br><br>           /s/<br>Helen G. Litsas<br>     Helen G. Litsas<br><br>Dated: July 17, 2007 | /s/ Helen G. Litsas<br>Helen G. Litsas, BBO# 644848<br>Special Assistant Corporation Counsel<br>Law Office Of Helen G. Litsas<br>38 Main Street<br>Saugus, MA 01906<br>(781) 231-8090<br><br>Susan M. Weise, BBO# 545455<br>First Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4040 |