UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    <u>Plaintiffs</u>

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.
    <u>Defendants</u>

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DOCUMENTARY EVIDENCE, INCLUDING ANY MEDICAL/PSYCHOLOGICAL REPORT REGARDING PLAINTIFFS' CHILD, PLAINTIFFS' PHOTOGRAPHS, AND ALL BOSTON POLICE REPORTS

The Defendants, Joseph Toomey and Joseph Watts ("Defendants"), respectfully requests that this Court exclude certain documentary evidence, including Plantiffs' any medical/psychological report of Plaintiffs' child, photographs, all Boston Police reports, and as well as any reference, comments and/or argument regarding said evidence.

**I.  ADMISSION OF ANY EVIDENCE REGARDING THE MEDICAL OR PYSCHOLOGICAL CONDITION OF THE PLAINTIFFS' CHILD IS IRRELEVANT AND HIGHLY PREJUDICIAL**

at trial, Plaintiffs may seek to introduce evidence that their toddler child suffered emotional or otherwise medical repercussions from the April 28, 2003 incident. Plaintiffs may seek to introduce a report documenting such condition. Such evidence is inadmissible because the Plaintiffs' child is not a party to this litigation and accordingly, said child's mental, emotional or medical state is irrelevant to the civil rights claims asserted by the Plaintiffs. Moreover, said evidence is inadmissible such a report constitutes hearsay and because the prejudicial effect of such evidence on the Defendants would not only be unfair, but also irreparable. Furthermore, said evidence

must be excluded because Plaintiffs failed to produce such report during the course of discovery.

    II.    **Admission of plaintiffs' photographs is not warranted because they are irrelevant to the narrow issue in this case and ANY SLIGHT PROBATIVE VALUE IS OUTWEIGHED BY UNFAIR PREJUDICE TO THE DEFENDANTS.**

Plaintiffs seek to introduce numerous photographs Plaintiffs' allegedly took following the police sweep/search of their apartment on April 28, 2003. These photographs must be excluded because they do not relate to any of the issues at trial. Certainly, they do not have any bearing on Plaintiff Pineda's arrest nor do they have any bearing on the police sweep/search as none of these photographs depict police officers engaging in any sweep or search. Moreover, the alleged condition of the Plaintiffs' apartment following any protective sweep/search has no bearing on the issue of whether the police were entitled to conduct such a sweep/search under the Constitution.

In addition to the photographs' dearth of probative value, any slight probative value, which the Defendant denies, is substantially outweighed by the danger of unfair prejudice to the Defendant. See Fed. R. Evid. 403, 404(b) and 806(b). These photographs would be prejudicial to the Defendants and unnecessarily inflammatory. One photograph, for example, depicts the Plaintiffs' child in an emotional state. Admission of such a photograph would serve only to garner sympathy from the jury and unfairly prejudice the Defendants. Accordingly, such evidence should be excluded.

**II. ADMISSION OF THE BOSTON POLICE INCIDENT REPORT REGARDING THIS INCIDENT AND PINEDA"S FIELD INTERROGATION REPORT IS BARRED BECAUSE SUCH DOCUMENTS CONSTITUTE INADMISSIBLE HEARSAY.**

Each of these three exhibits from the BPD constitutes inadmissible hearsay as they are out-of-court statements offered by the Plaintiffs for the truth of the matter asserted. See Fed. R. Evid. 801. No hearsay exception applies. Plaintiffs certainly will have the opportunity to inquire as to the contents of these documents at trial through the live testimony of police witnesses and Plaintiff Pineda.

**IV. Conclusion**

For the foregoing reasons and any others stated orally to the Court, therefore, the Defendant requests that this Court grant its motion in limine.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

/s/

Helen G. Litsas
  Helen G. Litsas

Dated: July 16, 2007

Respectfully submitted,
DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,
By their attorneys:

/s/ Helen G. Litsas
Helen G. Litsas, BBO# 644848
Special Assistant Corporation Counsel
Law Office Of Helen G. Litsas
38 Main Street
Saugus, MA 01906
(781) 231-8090

Susan M. Weise, BBO# 545455
First Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4040