UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.
    Defendants

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND DUPLICATIVE WITNESSES

Now come the Defendants, Joseph Toomey and Joseph Watts ("Defendants"), in the above captioned action and request that this Honorable Court preclude the Plaintiff from introducing irrelevant and duplicative witnesses in their case-in-chief.

    I.    **The Majority of The 26 Witnesses Listed In Plaintiffs' Pretrial Memorandum Are UnNecessary and Wholly Relevant to The Issues At Trial.**

In Plaintiffs' Pretrial Memorandum, Plaintiffs list a total of twenty-six (26) witnesses they seeks to call in their case-in-chief. While the majority of these 26 witnesses are police officers, these officers' testimony is irrelevant to Plaintiffs' civil rights claims. No officer has personal knowledge of Plaintiff Pineda's arrest. In fact, Plaintiffs have in possession each Internal Affairs interview of these witnesses in which they state their lack of knowledge as to Pineda's arrest. Plaintiffs also seek to call Deputy Chief Patrick Crossen, a supervising officer not present at the April 28, 2003 incident and whose only knowledge of the incident is second-hand information he received from the Internal Affairs Department. His testimony, therefore, is irrelevant

and inadmissible.

Also rather notably, during discovery, Plaintiffs determined that the testimony of only seven police witnesses was warranted and therefore deposed only seven (7) police witnesses. Moreover, each of these witnesses indicated that they were unaware of the identity of the officer who arrested Plaintiff Pineda. For Plaintiffs to then call each of these witnesses to testify as to this fact will only serve as an extraordinarily wasteful expenditure of resources and as a futile fishing expedition. Accordingly, all irrelevant and duplicative witnesses should be precluded from testifying.

II.     **Any Effort By Plaintiffs to Call Detective Daniel Keeler Should Be Barred Because Keeler Lacks Any Relevant Personal Knowledge of Plaintiffs' ClaimS And Because Such Effort Seeks Only To IMPROPERLY Harass Detective Keeler.**

Plaintiffs voluntarily dismissed Sergeant Detective Daniel Keeler as a Defendant to this action after Keeler submitted a motion for summary judgment based on his undisputed lack of personal knowledge and lack of involvement in Pineda's arrest and in the sweep/search of Plaintiffs' apartment. During his deposition, Keeler testified that he was on scene at Plaintiffs' apartment for only a brief period of time and in fact, arrived on scene only <u>after</u> Pineda had been arrested. He also testified that he had no knowledge regarding the sweep/search of the Plaintiffs' apartment. Any testimony by Keeler at trial is therefore irrelevant and inadmissible. Moreover, Plaintiffs' effort to have Keeler testify would serve no other purpose than to allow Plaintiffs' counsel to unnecessarily harass Detective Keeler as was done during Keeler's deposition and during prior litigation involving Keeler and Plaintiffs' counsel, Stephen Hrones. <u>See</u>, e.g., <u>Hrones v. Keeler</u>, Suffolk Superior Court, C.A. (2004).

The sole issues to be determined in this case are whether probable cause existed

to arrest Plaintiff Pineda and whether the protective sweep of Plaintiffs' apartment violated Plaintiffs' Fourth Amendment constitutional rights. Plaintiffs' effort in calling these numerous and irrelevant witnesses will not only unnecessarily delay the trial, but also unnecessarily confuse and mislead the jury.

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion to exclude the above-referenced evidence.

**DEFENDANTS REQUEST AN ORAL ARGUMENT ON THIS MOTION**

| **CERTIFICATE OF SERVICE** | Respectfully submitted,<br>DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,<br>By their attorneys: |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.<br><br>          /s/<br>Helen G. Litsas<br>          Helen G. Litsas<br><br>Dated: July 16, 2007 | /s/ Helen G. Litsas<br>Helen G. Litsas, BBO# 644848<br>Special Assistant Corporation Counsel<br>Law Office Of Helen G. Litsas<br>38 Main Street<br>Saugus, MA 01906<br>(781) 231-8090<br><br>Susan M. Weise, BBO # 544 5455<br>First Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4040 |