UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV10216-JLT

CARLOS PINEDA, ET AL.
    Plaintiffs

v.

JOSEPH WATTS AND JOSEPH TOOMEY,
ET AL.
    Defendants

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM OFFERING TESTIMONY AND/OR EVIDENCE THAT REFERENCES OTHER NON-TESTIFYING WITNESSES TO THE ALLEGED INCIDENT

Now come the Defendants, Joseph Toomey and Joseph Watts ("Defendants"), in the above captioned action and request that this Honorable Court preclude the Plaintiff from introducing any testimony, evidence, reference, comments, and/or argument, regarding the information possessed by other non-testifying witnesses to the alleged incident, including but not limited to any observations or statements made by the now deceased Norberto Serrano. As grounds therefore, the Defendants state that such reference, testimony, comment, reference and/or evidence is inadmissible, irrelevant, highly prejudicial and/or constitutes hearsay not within any exception or exemption. Of particular import, such alleged evidence would unfairly prejudice the Defendants because it would deprive the Defendants of their opportunity to cross-examine such witnesses regarding their statements and observations during the course of trial.

It is axiomatic that evidence is admissible if the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. See Fed. R. Evid. 403. To allow the Plaintiff to offer any argument,

comment, testimony and/or evidence that references any observation of a non-testifying individual witnesses would unfairly prejudice the Defendants, particularly in this case where the credibility of the parties stand at the forefront of this litigation. A jury may be misled by the Plaintiff's own references to what other non-testifying individuals allegedly witnessed the incident. The fact that other non-testifying individuals may or may not have seen the alleged incident has no bearing on whether the alleged incident actually took place. See id.

The Plaintiff's description of observations made by non-testifying witnesses, however, would necessarily constitute inadmissible hearsay. See Fed. R. Evid. 801, 802. Moreover, admission of such evidence would not only lack probative value, but would also be prejudicial as an admission of such evidence would allow for the introduction of evidence without providing the Defendants with an opportunity to cross-examine the source of that evidence.

For the reasons set forth above, and any such other and further reasons as stated orally to the Court, the Defendants request that this Honorable Court grant its motion to exclude the above-referenced evidence.

**DEFENDANTS REQUEST AN ORAL ARGUMENT ON THIS MOTION**

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.<br><br>/s/<br><br>Helen G. Litsas<br>    Helen G. Litsas<br><br><br><br>Dated: July 16, 2007 | Respectfully submitted,<br>DEFENDANTS JOSEPH WATTS AND JOSEPH TOOMEY,<br>By their attorneys:<br><br><br>/s/ Helen G. Litsas<br>Helen G. Litsas, BBO# 644848<br>Special Assistant Corporation Counsel<br>Law Office Of Helen G. Litsas<br>38 Main Street<br>Saugus, MA 01906<br>(781) 231-8090<br><br>Susan M. Weise, BBO# 545455<br>First Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4040 |