UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS PINEDA and ALEXANDRA PEREZ, | * * * |
| Plaintiffs, | * * |
| v. | *   Civil Action No. 05-10216-JLT |
| | * |
| JOSEPH WATTS and JOSEPH TOOMEY, | * * * |
| Defendants. | * |

MEMORANDUM & ORDER

July 19, 2007

TAURO, J.

After a hearing held on July 17, 2007, this court finds that Plaintiffs have failed to present facts that establish an "affirmative link" between the Defendants' supervisory conduct and the subordinate police officers' alleged constitutional violations deriving from their arrest of Plaintiff Pineda or the warrantless search of his apartment.[1] The uncontroverted record shows that Defendants Toomey and Watts did not order, participate in, or even see the arrest of Plaintiff Pineda.[2] Nor did Defendants Toomey or Watts order or participate in the search of his apartment.[3]

---

[1] See Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002) (requiring an affirmative link between the supervisor's action or inaction and the underlying constitutional violation).

[2] Toomey Dep. 35:19-24, 36:1-4, 37:10-15, 46:10-13, 65:3-4, June 1 2006. Watts Dep. 20:11-16, 21:18-24, 24:19-21, 54:6-18, June 8, 2007.

[3] Toomey Dep. 66-69. Watts Dep. 28:17-22, 29:2-4, 30:5-8, 31:16-24, 32:1-4.

The summary judgment record does not suggest that Defendants Watts or Toomey's actions amounted to the "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference" required to establish supervisory liability.[4] Accordingly, Defendants' Motion for Summary Judgment [#56] is ALLOWED. This case is closed.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[4] See Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 2002).